**In the Matter of Charles E. COLVIN, Debtor.**

**Bankruptcy No. 79–541.**

United States Bankruptcy Court, D. Maine.

Aug. 18, 1980.

Gerald S. Cope, Portland, Maine, for Chapter XIII Trustee.

Stanley Greenberg, Greenberg & Greenberg, Portland, Maine, for Maine Educational Credit Union.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The standing Chapter XIII trustee has objected to the unsecured claim of Maine Educational Credit Union on the ground that the claim was not filed within 6 months after the first date set for the first meeting of creditors as is required by Rule 13–302(e)(2).[1]

The Credit Union concedes that its claim was not timely filed; it argues, however, that Rule 13–302 exceeds the rule-making authority contained in 28 U.S.C. § 2075 which provides:

The Supreme Court shall have the power to prescribe by general rules . . . the practice and procedure under the Bankruptcy Act [11 U.S.C. §§ 1 et seq.]. Such rules shall not abridge, enlarge, or modify any substantive right . . .

---

1. Because the debtor's Chapter XIII petition was filed before October 1, 1979, the effective date of the new Bankruptcy Code, this proceed- ing is governed by the old Bankruptcy Act. See P.L. 95–598, Title IV—Transition § 403(a).

The Credit Union urges this Court to find that Rule 13–302(e)(2) is invalid because it fails to incorporate the final sentence of 57n of the Bankruptcy Act into the Rule.

The Court concludes that the Rule does not abridge or modify any substantive right of this creditor and is the result of the valid exercise of the authority of the Supreme Court to prescribe by general rules "the practice and procedure under the Bankruptcy Act." 28 U.S.C. § 2075.

## DISCUSSION

Bankruptcy Rule 13–302(e)(2), as pertinent, provides:

Unsecured claims, whether or not listed in the Chapter XIII Statement, must be filed within 6 months after the first date set for the first meeting of creditors in the Chapter XIII case   .   .   .[2]

Rule 13–302(e)(2) is adapted from subsection 57n of the Bankruptcy Act and retains the six month limit for filing claims contained in that subsection.[3] The Rule, however, omits the last sentence of 57n "as inconsistent with the rehabilitative purposes of Chapter XIII." Advisory Committee Note to Rule 13–302.

The last sentence of subsection 57n provides:

When in any case all claims which have been duly allowed have been paid in full, claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case.

Subsection 57n is made applicable to Chapter XIII cases by § 602 of the Act insofar as it is "not inconsistent or in conflict with the provisions of this chapter."

The Credit Union argues that the Rule is invalid because it does not provide it an opportunity to file a claim "against any surplus remaining in [the] case" after creditors, who have timely filed have been paid 100% of their claims.

The Credit Union, it seems, has been mislead by the unfortunate language of the Advisory Committee Note. The last sentence of 57n is not only "inconsistent with the rehabilitative purpose of Chapter XIII" it is inconsistent with the entire functioning and theory of Chapter XIII.

An understanding of the basic distinction between a "straight bankruptcy" case [Chapter IV] and a "wage earner" case [Chapter XIII] will make it clear that in a wage earner case there is never a "surplus" within the intent of Section 57n.

In a straight bankruptcy case the bankrupt surrenders all of his nonexempt property into the Bankruptcy Court. The property is liquidated and the proceeds are distributed to his creditors who have timely filed claims. In some cases a surplus remains after the property is liquidated and after allowed claims have been paid in full from the proceeds. In such cases the last sentence of Section 57n permits the Bankruptcy Court to notify creditors who have not previously filed claims of the surplus and to fix additional time for the filing of claims against the surplus. In a straight bankruptcy case the bankrupt's future earnings are not part of the bankruptcy estate and, of course, are not distributed to his creditors.

In a Chapter XIII case, on the other hand, while the Bankruptcy Court has "exclusive jurisdiction of the debtor and his property, wherever located, and of his earnings and wages during   .   .   .   the plan," [Section 611 of the Act] the debtor retains his property. It is not liquidated and the proceeds distributed to his creditors as is the case in straight bankruptcy.[4] The debt-

---

**2.** There are several exceptions which do not apply here.

**3.** Rule 906(b) makes it clear that the Court "may not extend the time for taking any action under Rules   .   .   .   [13–302(e)] except to the extent and under the conditions stated in them." See also Rule 13–901(2).

**4.** Section 602 specifically provides that § 70f of the Act, which provides for appraisal and sale of a bankrupt's real and personal property shall not apply to Chapter XIII cases "unless an

**470**

or's future wages and earnings are the only source of payments to be made to creditors under the plan, which must be confirmed by the Bankruptcy Court. *See* Collier on Bankruptcy, 14th Ed., Vol. 10, ¶ 20.01.

The "surplus" contemplated by the last sentence of subsection 57n is created by the liquidation of the bankrupt's property. Because the Chapter XIII debtor's property is not liquidated there can never be a "surplus" within the intent of that subsection.[5]

From the above, oversimplified, explanation it should be clear that the last sentence of subsection 57n is "inconsistent" and "in conflict" with the provisions of Chapter XIII and, therefore, not applicable. Rule 13–302(e)(2) properly recognizes that distinction and eliminates the sentence.

The Chapter XIII Rules were promulgated by the Supreme Court by order dated April 23, 1973, after many years of study and work by the Court and the Advisory Committee on Bankruptcy Rules and transmitted to the Congress for its review.

It cannot be assumed easily that the Supreme Court acted outside the power delegated to it under § 2075, or that Congress allowed rules to become operative which would effect (sic) substantive rights. *In re Moralez*, 618 F.2d 76, 6 BCD 518; 22 CBC 884 (9th Cir. 1980) reversing 400 F.Supp. 1352.

An order will be entered forthwith disallowing the claim of Maine Educational Credit Union because it was not timely filed as required by § 13–302(e)(2).

---

order shall be entered directing that bankruptcy be proceeded with pursuant to the provisions of Chapters I to VII, inclusive."

5. Sometimes a small surplus is created during the course of administration of a Chapter XIII plan because of the difficulty of matching the debtor's payments under the plan to administrative costs and dividends to creditors. Such amounts are insignificant and are returned to the debtor pursuant to Rule 13–309(c) upon consummation of the plan.