In re Garvis Richard KENNEDY and Carolyn Elizabeth Kennedy, Debtors.

Bankruptcy No. 83–06084.

United States Bankruptcy Court, N.D. Alabama.

Aug. 3rd, 1984.

John T. Robertson, IV, Gadsden, Ala., for debtors.

Harold Goings, Birmingham, Ala., for creditor, F.N.M.A.

ORDER DETERMINING CREDITOR'S RIGHT TO FILE PROOF OF CLAIM

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case was filed in this Court under Chapter 13, Title 11, United States Code, and is pending before this Court under said Chapter 13. On May 30, 1984, the attorney for Stockton, Whatley, Davin & Company, purporting to act for Federal National Mortgage Association (hereinafter referred to as F.N.M.A.), as its servicing agent, filed a motion which requested that the Court hold a hearing for the purpose of determining whether F.N.M.A. was entitled to file in this case a proof of its claim against the debtor; and pursuant to this request, a hearing was held before the Court on this matter, at Gadsden, Alabama, on July 11, 1984, notice of which was given by mail by the clerk of the Court to Harold H. Goings, Esquire, attorney of record for Stockton, Whatley, Davin & Company, with respect to said request, and to other parties in interest. Only the debtors' attorney and the Chapter 13 trustee appeared before the Court for the hearing.

An examination of the court file for this case shows the following pertinent facts:

1. The debtors filed their petition in this Court on November 8, 1983;

2. On November 17, 1983, the clerk of this Court mailed a notice to all creditors listed in the debtors' Chapter 13 statement, including Stockton, Whatley, Davin & Company, of a meeting of creditors in this case, pursuant to 11 U.S.C. § 341(a), to be held on December 7, 1983, according to the certificate filed in this case by a deputy clerk of the Court;

3. This notice included the following statement: "Rule 3002 provides that 'a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors,' with some few exceptions stated in the rule;"

4. The clerk's notice also stated that the Court would hold a hearing on March 14, 1984, upon the matter of confirmation of the debtors' Chapter 13 plan; and pursuant to this hearing, the Court entered an order on March 22, 1984, confirming the Chapter 13 plan;

5. The debt in question here was originally evidenced by a promissory note and real estate mortgage executed by the debtors to Johnson and Associates Mortgage

Company, which transferred the indebtedness to F.N.M.A.; and no proof of this claim was filed in this case until after March 29, 1984, on which date Stockton, Whatley, Davin & Company, as servicing agent for F.N.M.A., mailed a proof of such claim to the clerk of this Court; and

6. On May 1, 1984, the clerk of this Court mailed to Stockton, Whatley, Davin & Company the proof of claim and a notice that the claim had been received "after bar date of 3/6/84".

### Findings of Fact

From the only source available to it—the court file for this case—the Court finds that no proof of claim was filed for F.N. M.A. until after March 29, 1984, notwithstanding that notice of the filing of this case and of the first date set for the meeting of creditors had been given by the clerk of the Court, on November 17, 1983, to Stockton, Whatley, Davin & Company, the agent for F.N.M.A., in regard to the debt owed by the debtors to F.N.M.A. The first day set for the meeting of creditors held in this case, pursuant to 11 U.S.C. § 341(a), was December 7, 1983.

### Conclusions by the Court—

This case presents to the Court the question of the time which is permitted for the filing of a proof of a creditor's claim in a Chapter 13 case under The Bankruptcy Reform Act of 1978.[1] This question is governed in this case by the Bankruptcy Rules adopted by the Supreme Court of the United States on April 25, 1983, and allowed by the Congress to take effect—as provided in the Supreme Court order—on August 1, 1983. The basic and general provisions governing the time for the filing of a proof of claim in a chapter 7 or 13 case under the bankruptcy statute are stated in Rule 3002(c) and is that "a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code." In subdivision (c) six exceptions to the basic time period are stated. These relate to the United States, to infants or incompetent persons and to certain circumstances there stated, but none of the exceptions remotely relates to

a general excuse of "excusable neglect," where a creditor has failed to file proof of the creditor's claim, before expiration of the stated period of time.

1983 Bankruptcy Rule 9006 deals with the subject of "Time," and subdivision (b) deals with the subject of "Enlargement." Part (3) of subdivision (b) is titled "Enlargement Limited," and essentially provides, in regard to the question before the Court, that the Court may enlarge the time for taking action under Rule 3002(c) "only to the extent and under the conditions stated in" that rule.

The restrictions on the time allowed to a creditor for filing a proof of the creditor's claim in a Chapter 13 case are not, in this regard, substantially different from the practice and procedure under the 1973 Bankruptcy Rules, which were the immediate predecessors to the present rules. Under the prior rules, Rule 13–901 made Part IX of the Bankruptcy Rules applicable in a Chapter 13 case, with certain exceptions. That rule provided that the reference to Rule 302(e) should be read as a reference to Rule 13–302(e). Bankruptcy Rule 906 dealt with "Time." In subdivision (b), it was provided that, after the expiration of a specified period for the performance of an act, the Court might extend the period "where the failure to act was the result of excusable neglect," but it was further provided there that the Court could not extend the time for taking any action under Rule 302(e), "except to the extent and under the conditions stated in" that rule. In turn, Rule 13–302(e) contained a general provision (with exceptions stated) that a "secured claim" was required to be filed before the conclusion of the first meeting of creditors, or it would not be treated as a "secured claim for purposes of voting and distribution." That rule further provided that claims not secured "must be filed within six months after the first date set for the first meeting of creditors."

As in the case of the prior rule, 1983 Rule 9006 permits the Court to enlarge a period of time for performing an act, after expiration of the original period of time,

1. Public Law 95–598.

"where the failure to act was the result of excusable neglect"; however, as in the prior rule, and as previously noted, the Court may not extend the time for the filing of a proof of a creditor's claim except as permitted in the specific rule which provides the time during which a proof of claim may be filed.

In the case before the Court, the attorney for the creditor's servicing agent has attached an affidavit to his motion. The affidavit (made by a person connected with the servicing agent) states that the proof of claim was mailed to the clerk of the bankruptcy court on March 29, 1984, "... and that our Bankruptcy Department obtained notification of the Kennedys' Chapter 13 bankruptcy on March 28, 1984 when copies of the Notice of Meeting of Creditors, of Automatic Stays and Confirmation Hearing was received along with Finding of Fact and Order Confirming Chapter 13 Plan and Providing for Related Matters ...." Given full credence, what does the affidavit state? It appears to state that the people in the servicing agent's "bankruptcy department" received the notice of the meeting of creditors and a copy of the order confirming the Chapter 13 plan at the same time, on March 28, 1984. It does not state that notice of the filing of the case and of the meeting of creditors on December 7, 1983, was not received, in the regular course of the mails, by some other department or by some other employee, agent, or officer of Stockton, Whatley, Davin & Company in plenty of time for a proof of the claim of the principal, F.N.M.A., to have been filed with the bankruptcy court clerk by March 6, 1984. The affidavit, thus, appears to make an effort at implying "excusable neglect." In other words, the statement in the affidavit may be taken to imply that a person who received or opened the mail at Stockton, Whatley, Davin & Company neglected to pass on to the "bankruptcy department" the notice received from the Court of the first day set for the meeting of creditors. It is unlikely, however, that this sort of internal "mixup" would be considered by any court to rise to the level of "excusable neglect."

As already demonstrated, "excusable neglect," as that term is used in Rule 9006, does not permit a bankruptcy court to allow the filing of a proof of claim after expiration of the time permitted under Rule 3002(c). Whether there was "excusable neglect" or not, the Rules of Bankruptcy Procedure do not permit a bankruptcy court to grant the request contained in the motion filed by or for the servicing agent of F.N.M.A. in this case.

It may be that conceivable circumstances would make application of the present rules constitutionally impermissible. If a creditor were barred from filing a proof of claim in a bankruptcy case under circumstances which amounted to depriving the creditor of property without due process of law,[2] a court considering the application of the present rules would not be required to redraft and insert an exception in the rules but would be required to prohibit the application of the rules to the performance of the act which would otherwise be barred or prohibited. No such circumstances are present here.

Unlike the prior rule applicable to Chapter 13 cases, present Rule 3002 makes no distinction between unsecured claims and secured claims with respect to the date by which a proof of claim must be filed. It simply states: "... a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors ...."

Bankruptcy Rule 3002, in the original draft submitted to the bench and bar,[3] provided: "(a) NECESSITY FOR FILING: A creditor ... must file a proof of claim ... in accordance with this rule for the claim ... to be allowed ...." Strangely, the final version submitted to the Supreme Court, which is the present rule, was changed to read: "An unsecured creditor

---

**2.** U.S. Const. amend. V.

**3.** Preliminary Draft of Proposed Bankruptcy Rules and Official Bankruptcy Forms, accompanying letter of submission to the bench and bar, from Hon. Edward T. Gignoux, Chairman, Standing Committee on Rules of Practice and Procedure, Judicial Conference of the United States, March 1, 1982.

... must file a proof of claim ... in accordance with this rule for the claim ... to be allowed ...."[4] The present case does not raise the issue of whether there was a necessity for F.N.M.A. to file a proof of its claim or what may be the effect of its failure to do so. Here, the only questions are (1) whether the Court may allow a claim for F.N.M.A. to be filed and (2) whether it should do so. Because the rule does not permit the Court to allow this claim to be filed, no consideration need be given to whether it should do so. An appropriate order will be entered.

---

**4.** The Advisory Committee Note to Bankruptcy Rule 3002, subdivision (a), does not mention this revision. To the comment on the preliminary draft of this rule (see note 3, *supra*), there has been added, however; the following statement of questionable validity:

A secured claim need not be filed or allowed under § 502 or § 506(d) unless a party in interest has requested a determination and allowance or disallowance under § 502.

But see 11 U.S.C. § 1327 and 11 U.S.C. § 1141, with Bankruptcy Rule 3003(c). Consider also the effect of the provisions of 11 U.S.C. § 1322(b)(2) & (5) upon a "secured claim" and of 11 U.S.C. § 1325(a)(5) upon an *allowed* "secured claim," which is a product of the provisions of 11 U.S.C. §§ 501, 502(a), and 506(a).