In re Clifford J. GOODWIN, Barbara J. Goodwin, DBA Goodwin's Discount Furniture and Appliance Center, Debtors.

Bankruptcy No. 282–00246.

United States Bankruptcy Court, D. Maine.

Feb. 20, 1986.

Matthew Caras, Verrill & Dana, Portland, Me., for debtors.

Christopher Kliefoth, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for IRS.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

This proceeding raises squarely the issue of the effect of a tardy filing of a proof of claim by the Internal Revenue Service in a chapter 13 case. Upon the stipulated facts, the court concludes that the claim must be disallowed and upon successful completion of the debtors' confirmed plan the claim will be discharged.

The debtors filed their chapter 13 petition on June 18, 1982 and the section 341 meeting of creditors was scheduled for July 23, 1982. Notice of the meeting was mailed on June 25, 1982, to all creditors, including the IRS.[1] The notice of the meeting included a notice that proofs of claim must be filed within 6 months from the date set for the meeting of creditors or they would not be allowed. Thus, the last date for filing a proof of claim was January 23, 1983.[2]

On June 25, 1984, IRS filed a proof of claim in the amount of $7,618.82. The claim represented a 100% penalty provided for by 26 U.S.C. § 6672, imposed upon the debtors as "responsible persons" for failure to collect and pay over employment taxes assessed against Goodwin's Discount Furniture, a Maine corporation of which the debtors were officers, for the period from June 1980 to September 1981.

On June 8, 1984 the debtors' chapter 13 plan was filed. It was objected to by IRS on July 10, 1984.

On October 10, 1984 a modified plan was filed by the debtors, which was confirmed, after hearing, on October 12, 1984. The plan provides:

> Any and all claims of, and liabilities of the Debtors to, the IRS for taxes of any kind for the years 1975 through 1982 and any past, present and future interest and penalties regarding said taxes of any kind for the years 1975 through 1982 (the 'Federal Tax Claims') shall be satisfied in full and discharged upon the payment by the Debtors to the IRS of the full face amount of their duly filed, proved and allowed claims....

On May 30, 1985 a joint objection was filed to the IRS claim by the standing chapter 13 trustee and the debtors on the ground that the claim was untimely filed. A response to the objection was filed by IRS on June 24, 1985. Pretrial conferences were held on the objection on June 25 and July 30, 1985. A pretrial order was entered on August 2, 1985 establishing a briefing schedule.

On August 30, 1985, the IRS filed a motion for leave to withdraw its proof of claim on the ground that the "proof of claim filed June 19, 1984, in the amount of $7,618.82, was filed after the last day for filing such proofs of claim...." On September 4, 1985, the debtors objected to IRS's motion for leave to withdraw its claim. A hearing in chambers was held on the IRS's motion and debtors' objection on September 26, 1985. During that hearing, another briefing schedule was established.

## DISCUSSION

This proceeding demonstrates the advantages afforded chapter 13 debtors by the Bankruptcy Reform Act of 1978. (The Code). It also dramatizes the requirement of diligence on the part of creditors.

To encourage debtors to use chapter 13 and thus provide some payment to creditors, Congress affords chapter 13 debtors a much broader discharge than is available under other chapters of the Code.

Under Section 1328(a), which applies only to chapter 13 debtors who complete their plan, only two types of debts are excepted from discharge. Section 1328(a) provides:

> As soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
>
> (1) provided for under section 1322(b)(5) of this title; (long term debt); or
>
> (2) of the kind specified in section 523(a)(5) of this title. (Alimony and support)

Taxes are not excepted from discharge under section 1328(a) as contrasted with section 523(a)(1), which does so except

---

1. IRS was listed as a creditor and the claim under consideration was listed in the debtors' schedules estimated at $7,530.04.

2. Bankruptcy Rule 13–302(e) was applicable at that time. It has since been superseded by B.R. 3002(c), which requires that proof be filed within 90 days.

them. Section 523(a), by its terms, does not apply to discharge under section 1328(a).[3]

In order to be discharged under section 1328(a), however, a debt must be "provided for by the plan or disallowed under section 502" of the Code. The IRS contends that its claim is not provided for by the debtors' plan. At first blush the IRS's contention seems to have merit. Under the unusual circumstances of this case, the debtors' modified plan was not filed and confirmed until after it was obvious that the IRS claim was not timely filed. As a result, the IRS argues, the claim could not be "duly filed, proved and allowed" as provided for by the plan.

■ Upon reflection, the court concludes that the IRS's contention is untenable. In the first place, the objectionable language "duly filed, proved and allowed" is surplusage, because the Code and Rules require claims to be duly filed and allowed in order to be paid under a chapter 13 plan. The IRS has cited no authority, and the court can find none, that supports its position. *See In re Whitten,* 49 B.R. 220 (Bkcy.N.D. Ala.1985). In addition, the IRS's contention was not raised at the hearing on confirmation of the debtors' plan by counsel for the IRS, who was present at the hearing, and no appeal was taken from the court's order confirming the plan. The court finds, as it must, that the IRS claim was provided for by the debtors' plan as required by section 1322(a)(2) of the Code. *In re Gregory,* 705 F.2d 1118 (9th Cir. 1983).

Having determined that the IRS's claim was provided for by the debtors' plan, we now address the question of dischargeability. In support of its motion for leave to withdraw its claim, the IRS states: "in order to avoid confusion over the effect of having a claim disallowed as untimely the claim should be withdrawn." The IRS is obviously under the impression that if it is permitted to withdraw its claim that its claim would not be disallowed and, therefore, not discharged.

The IRS misconceives the design of chapter 13. The purpose of the chapter is to grant "an individual with regular income" (11 U.S.C. § 101(27)) a fresh start through extension and composition plans, funded out of future income. *See* 5 Collier, 15th ed. ¶ 1300.12. For a chapter 13 plan to be successful and for the debtor to get his fresh start, the debtor and the standing trustee must know, early on, what claims must be paid. The method for determining this is the requirement, under B.R. 13–302(e)(2), that unsecured claims be filed within six months after the first date set for the first meeting of creditors. Failure to file, or a late filing, results in disallowance and discharge of any claim provided for by the plan upon completion of the plan under section 1328(a).

■ The IRS would have the court rule that upon completion of the debtors' plan it may pursue the debtors on its claim. In other words, section 1328(a) should be interpreted to add an additional exception to discharge to section 1328(a) for "debts for which a proof of claim has not been timely filed."

It requires but little imagination to realize that such interpretation would quickly mean death to chapter 13, in spite of the clear intent of Congress to encourage the use of the chapter.

■ The IRS claim, which is a pre-petition unsecured claim, *In re Pennetta,* 19 B.R. 794, (Bkcy.Colo.1982), provided for by the debtors' plan, will be discharged after completion by the debtors of all payments under their plan, pursuant to Section 1328(a). Further, for failure to timely file a proof of claim, as required by Section 501 of the Code and B.R. 13–302(e)(2), the IRS claim must be disallowed. *In re Wilkens,* 731 F.2d 462 (7th Cir.1984); *In re Walter,* 29 B.R. 449 (Bkcy.S.D.N.Y.1982); *In re Colvin,* 5 B.R. 468 (Bkcy.Me.1980); *In re Greene,* 30 B.R. 729 (Bkcy.R.I.1983).

---

**3.** It does, however, apply to discharges under section 1328(b), the so-called "hardship discharge" granted to chapter 13 debtors who fail to complete payments under their plan.

■ The debtors also assert that the IRS claim is dischargeable under Section 1328(a) because it is "disallowed under section 502" of the Code. The court can not agree with this assertion. There is no language in section 502 or the legislative history which could reasonably be interpreted to mean that an untimely proof of claim is disallowed under section 502.

A few courts, in reported cases, have cited section 502 as the basis of their decision involving untimely proofs of claim in chapter 13 cases. However, analysis of the decisions reveal that the real reason for disallowance of the claims was failure to file under section 501 within the time requirements of B.R. 13–302(e)(2), or its successor, B.R. 3002(c).

An appropriate order will be entered.