In re **INTERNATIONAL RESORTS, INC., Debtor.**

**Bankruptcy No. 77–04199–E.**

United States Bankruptcy Court, N.D. Alabama.

June 2, 1987.

Ed W. Harwell, Anniston, Ala., trustee.

Edward, D. Bunn Bailey's Crossroads, Va., for First Fidelity Corp.

### FINDINGS AND CONCLUSIONS BY THE COURT ON CLAIM OF FIRST FIDELITY CORPORATION

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction* —

The above-styled case was commenced and is pending before this Bankruptcy Court under the Bankruptcy Act of 1898, an adjudication of bankruptcy having been entered on an involuntary bankruptcy petition. Except for the Supreme Court, this case, in one form or another, has been before every level of court in the federal system. The trustee in bankruptcy holds funds in excess of the sum of $275,000.00 for distribution to creditors, after payment of administrative expenses, and a resolution of the contentions made by First Fidelity Corporation (hereinafter Fidelity) concerning the Court's disallowance of its claim in the sum of $72,450.00 and interest is one of the few remaining impediments to a final distribution by the trustee in bankruptcy.

Fidelity, on June 18, 1986, moved the Court, pursuant to Bankruptcy Rule 3008, to reconsider the order of June 9, 1986, which sustained the bankruptcy trustee's objection to its claim. This motion had not

been brought before the Court when, on January 21, 1987, Fidelity filed a "PETITION TO INTERVENE." (sic) These two matters came before the Court for a hearing on March 3, 1987, at which the trustee conceded that the claim of Fidelity was not included in the schedule of debts filed in the case by the debtor and at which documents offered by Fidelity were received into evidence and the matters were argued to the Court and taken under submission.

*Findings of Fact—*

Taking judicial notice of the prior proceedings in this case, as reflected by the case file maintained by the clerk, and having duly considered same and the other evidence, the bankruptcy judge finds the relevant facts to be as follows:

1. This case was commenced by an involuntary bankruptcy petition filed in the United States District Court for the Northern District of Alabama on December 16, 1977, was duly referred to the undersigned bankruptcy judge, and was duly re-referred after July 10, 1984; an adjudication of bankruptcy was entered on January 24, 1978;

2. On February 16, 1978, a copy of a notice was mailed to all creditors listed in the debtor's schedules filed in the case and included notice that *the first meeting of creditors was to be held on February 28, 1978,* that creditors who wished to participate in any distribution from the bankrupt estate were required to file proofs of their claims, and that any claim filed more than six months after the first date set for the first meeting of creditors would not be allowed except as otherwise provided by law;

3. Fidelity was not included as a creditor in the debtor's schedules, and Fidelity did not receive a copy of the bankruptcy notice concerning the first meeting of creditors and the information concerning the filing of proofs of claim;

4. *On March 17, 1980, Fidelity first filed a proof of its claim,* being claim No. 15, in the sum of $72,450.00 and interest and being based upon a judgment for $72,-450.00 in its favor and against the debtor, rendered by the Superior Court of the District of Columbia, on May 24, 1978;

5. On March 31, 1986, the trustee filed an objection to the allowance of Fidelity's claim, asserting that the claim was not owing and that the claim was not timely filed;

6. At a hearing on May 6, 1986, participated in by the trustee's attorney and Fidelity's attorney, the bankruptcy judge sustained the trustee's objection and made a written order to that effect on June 9, 1986; and

7. This case continues to be pending before the Court, under the Bankruptcy Act of 1898.

*Conclusions by the Court—*

The Motion for Reconsideration and the Petition to Intervene filed for Fidelity, when distilled, are seen to be efforts to obtain equitable relief from the bar date imposed upon the filing of proofs of claim in this case by Bankruptcy Rule 302(e) (1973). With exceptions clearly inapplicable here, that subdivision of Rule 302 mandates: "[a] claim must be filed within 6 months after the first date set for the first meeting of creditors."

This creditor's efforts seek to raise a ghost long laid.

The quoted provision of the rule is a restatement of Bankruptcy Act, section 57(n),[1] and was not an innovation, as its linneage went back 36 years (much longer in some respects) when the 1973 rules were adopted. Perhaps the best way to deal with Fidelity's attempt to have the Court amend the rule is to quote from the 14th Edition of King, *Collier on Bankruptcy:*[2]

> Against this legislative background it would appear that there is no room for judicial power either to extend or shorten the statutory period unless expressly conferred by the Act or the Rules.[3]
>
> . . . .
>
> . . . The inherent equity powers of the bankruptcy court, so frequently referred

---

1. 11 U.S.C. § 93 (1973).

2. Vol. 3, ¶ 57.27[2] (Release No. 19–1974).

3. *Id.* at 415.

**430**

to, are a tempting instrument to mitigate the harshness involved in any statutory time limitation, but under the Act Courts have generally withstood the temptation even in situations in which the equities of the case, if they might have been considered, spoke strongly in favor of equitable relief.

The weight of authority considers the statutory six months' period as mandatory and immutable. "This is a statute of limitations. It is even more. It is a prohibition. It is peremptory."[4] Prior to the 1938 Act, neither lack of notice, an attorney's error, nor a mistaken belief that the claim had been timely filed, were deemed sufficient to override the terms of the Act. But, where circumstances such as misleading statements in the bankrupt's schedules as to the value of assets, or other fraudulent conduct, prevented filing within time, ... the courts were divided as to whether an extension of time could be granted through the bankruptcy court's equitable powers.... The Act of 1938, however, with its manifold amendments to § 57n, added as they were with full knowledge of the existing divergencies of judicial views, constitutes a distinct reinforcement of the reasoning in favor of strict and "equity proof" application of the statutory limitation. In allowing for extension of the time to file government tax claims, and in allowing the belated filing of proofs in cases where there is a surplus after all the other creditors have been paid in full, the Act unmistakably implies that under no circumstances other than those specifically referred to in the statute may the court admit a claim to untimely proof, but that it is under a duty to disallow it, with no power to substitute equitable considerations for the manifest intent of Congress. And Rule 302(e) has not changed this concept.[5] (Footnote numbers omitted)

Although Fidelity's attorney appears to argue correctly that Fidelity will never have any means of collecting its judgment, after distribution by the trustee of the funds in this defunct corporation's bankruptcy case, the point is irrelevant to the upholding by the Court of the trustee's objection to Fidelity's claim.

The case of *New York v. New York, N.H. & H.R.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), cited by the creditor's attorney, involved a substantial procedural omission by the trial judge and the divesting of a creditor's liens against real property of a reorganization debtor. That case appears to invoke the Fifth Amendment[6] prohibition against a deprivation of property, without due process of law. That is not the question involved here.

For present purposes, the Court need not consider the apparent violation of the stay imposed under Bankruptcy Rule 401(a) (1973) by Fidelity in pursuing its claim to judgment in two courts, after the filing of the bankruptcy petition which initiated this case.

Both, Fidelity's motion and its "petition," are without merit and will be denied.

**4.** *In re Brill,* 52 F.2d 636 (S.D.N.Y.1931), *aff'd.,* 52 F.2d 639 (2d Cir.1931).

**5.** King, *supra,* pp 416–25.

**6.** U.S. Const. amend. V.