**In re Joseph M. CHIRILLO, Debtor.**

**No. 84 B 13335.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Feb. 19, 1988.

Karen L. Delveaux, Righeimer, Martin, Bridwell & Cinquino, P.C., Chicago, Ill., for Central Area Telephone Credit Union.

William Coughlin, Alsip, Ill., Debtor's.

**MEMORANDUM OPINION AND ORDER DENYING CREDITOR'S MOTION TO FILE LATE CLAIM**

EUGENE R. WEDOFF, Bankruptcy Judge.

Central Area Telephone Credit Union ("Central") has filed a motion requesting

the court to deem its proof of claim as timely filed in this Chapter 13 proceeding. For the reasons stated below, the motion is denied.

## FACTUAL BACKGROUND

The relevant facts surrounding this matter are uncontested. On October 22, 1984 Joseph Chirillo filed a petition under Chapter 13. Two weeks prior to filing the petition, Chirillo acted as co-maker on a $3,137.70 note to Central. However, Central was not listed as a creditor in the debtor's petition and did not receive notice of the filing of the petition. In addition, Central did not receive notice of the meeting of creditors called, pursuant to 11 U.S.C. § 341, for December 3, 1984. Pursuant to Bankruptcy Rule 3002(c), the time for filing proofs of claims expired 90 days thereafter, on March 4, 1985.

Central received installment payments on the loan through March, 1985, at which time the debtor stopped making the payments. Unaware that the debtor had filed a Chapter 13 petition, Central's attorneys pursued a collection action against the debtor and his wife, obtained a $3,984.65 judgment against them both on December 5, 1986, and then filed a wage garnishment against the debtor's employer. The wage garnishment was returned with a notation that the debtor was involved in a Chapter 13 proceeding. Prior to that point, accord-

ing to its motion, Central was unaware of the debtor's Chapter 13 petition.

On December 30, 1987, more than 33 months after the bar date, Central filed its pending motion for leave to file a $4,235.77 proof of claim against the debtor's estate. This claim includes the judgment amount, interest, court costs, and attorney's fees. The matter was heard on January 6, 1988, at which time the court asked the parties to submit authority on the issue of the late filing of claims.

## DISCUSSION

■ The basic issue before the court is whether in a Chapter 13 case, a proof of claim may be filed after the 90–day bar date of Bankruptcy Rule 3002(c). Although Section 501 of Title 11 governs the filing of proofs of claim, the time limits for filing such proofs are set by Rule 3002(c). The rule provides that in a Chapter 13 case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to section 341(a) of the Code. The rule lists six exceptions to the 90–day bar date, none of which apply in the present case.[1]

The discretion of the bankruptcy court to extend the bar date provided in Bankruptcy Rule 3002(c) is limited by Bankruptcy Rule 9006(b)(3). That rule provides that the

---

1. Bankruptcy Rule 3002(c) provides:

(c) TIME FOR FILING. In a ... Chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or

property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

(6) In a Chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time herein above prescribed.

court may enlarge the time for taking action under Rule 3002(c) only to the extent and under conditions stated in that rule. Because the exceptions of Rule 3002(c) do not address failure of a debtor to give notice, a simple application of the language of the rules suggests that the 90–day time limit is an absolute bar to the filing of proofs of claim in the circumstances of this case.

Case law supports this construction. Former Bankruptcy Rule 302(e) contained the same type of bar date as present Rule 3002(c); the only difference is that the former rule allowed six months from the first meeting of creditors instead of 90 days. *See In re Brown*, 73 B.R. 740, 742 (Bkrtcy. W.D.Wis.1987). The weight of authority treated the six-month time limit in the former rule as mandatory and immutable to an absolute bar to late-filed claims.[2] Cases construing Rule 3002(c) similarly treat the 90–day period as a statute of limitations not subject to extension by the bankruptcy court.[3]

Even where the equities have weighed strongly in favor of extending the time period, the strict time limits have been upheld. *See In re Pigott*, 684 F.2d 239, 243 (3d Cir.1982). The cases hold that the time limits are dictated by the bankruptcy rules and are necessary to insure the swift distribution of the bankruptcy estate. *See In re Good News Publishers, Inc.*, 33 B.R. 125, 126 (M.D.Tenn.1983). *See also In re Owens*, 67 B.R. 418, 423 (Bkrtcy.E.D.Pa.1987) ("[E]ven if so inclined, a bankruptcy court has no equitable power to extend the deadline for filing proofs of claim.")

The point is perhaps most forcefully made in the case of *In re International Resorts, Inc.*, 74 B.R. 428, 429 (Bkrtcy.N.D. Ala.1987). This case involved a creditor in

a situation quite similar to Central's. The creditor was not listed in the debtor's schedules, and did not receive a notice of the first meeting of creditors or the information concerning the filing of proofs of claim. The court noted that:

> The inherent equity powers of the bankruptcy court ... are a tempting instrument to mitigate the harshness involved in any statutory time limitation, but ... courts have generally withstood the temptation even in situations in which the equities of the case ... spoke strongly in favor of equitable relief.

74 B.R. at 429–30. The court then addressed the specific statutory time limitations in filing proofs of claim, and noted that:

> Under no circumstances other than those specifically referred to in the statute may the court admit a claim to untimely proof, but is under a duty to disallow it, with no power to substitute equitable considerations for the manifest intent of Congress.

74 B.R. at 430. In upholding the trustee's objection to the untimely filed claim, the court acknowledged that the creditor would never have any means of collecting its judgment after distribution by the trustee of the funds in the defunct corporation's case. 74 B.R. at 430.

It might be that such a result, in some cases, could constitute a denial of due process, depriving the creditor of its interest in property (a share in the debtor's estate) without an opportunity to be heard. That, however, is not the situation in the present case. If Central in fact had no notice of the pendency of this case in time to file a timely proof of claim, its claim is not dischargeable. 11 U.S.C. § 523(a)(3). Thus, at the conclusion of the debtor's case,

---

**2.** *See Wilkens v. Simon Brothers*, 731 F.2d 462, 464 (7th Cir.1984); *In re Pigott*, 684 F.2d 239, 242 (3d Cir.1982); *In re Fleming Construction Corp.*, 63 B.R. 392, 393 (E.D.Pa.1986); *In re Good News Publishers, Inc.*, 33 B.R. 125, 126 (M.D.Tenn.1983); *In re International Resorts, Inc.*, 74 B.R. 428, 430 (Bkrtcy.N.D.Ala.1987); *Matter of Grocerland Coop, Inc.*, 32 B.R. 425, 426 (Bkrtcy.N.D.Ill.1983); *In re Brown*, 27 B.R. 771, 773 (Bkrtcy.N.D.Ill.1983); *In re Francis*, 15

B.R. 998, 1004 (Bkrtcy.E.D.N.Y.1981); *In re Foster*, 11 B.R. 476, 477 (Bkrtcy.S.D.Cal.1981).

**3.** *See Matter of Brown*, 73 B.R. 740, 742 (Bkrtcy. W.D.Wis.1987); *In re Stern*, 70 B.R. 472, 474 (Bkrtcy.E.D.Pa.1987); *In re Owens*, 67 B.R. 418, 423 (Bkrtcy.E.D.Pa.1987); *In re Key*, 64 B.R. 786, 788 (Bkrtcy.M.D.Tenn.1986); *In re Street*, 55 B.R. 763, 766 (Bkrtcy.App. 9th Cir.1985); *In re Ryan*, 54 B.R. 105, 106 (Bkrtcy.E.D.Pa.1985).

whether by dismissal prior to completion of the plan, or by discharge at its completion, Central would be able to assert its claim.

 Furthermore, if Central believes that its claim will be impaired during the pendency of this case, it may seek relief from the automatic stay, pursuant to Section 362(d) of the Code, which relief might go so far as to annul the stay as to Central's claim, allowing its judgment to stand and be enforced as though the stay had never been in effect. *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir. 1984).

Of course, the court is not now considering the merits of any motion for relief from the stay. But such relief is certainly a potential here. Section 362(d)(1) provides that on request of a party in interest, the court shall grant relief from the stay for cause. A lack of adequate protection of an interest in property is the only "cause" for relief specified in the statute, but it is not the only possible cause. *Matter of Nelson,* 66 B.R. 231, 234 (Bkrtcy.D. N.J.1986); *Matter of Rye,* 54 B.R. 180, 181 (Bkrtcy.D.S.C.1985). "Cause" may exist whenever the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors. *In re Opelika Mfg. Corp.,* 66 B.R. 444, 448 Bkrtcy.N.D. Ill.1986).

Central, then, if the allegations of its motion are true, has a non-dischargeable claim that may be pursued either after this case ends, or, if relief from the automatic stay is granted, beforehand. Central does not, however, have a proof of claim that was timely filed.

### ORDER

For the reasons stated above, the motion of Central Area Telephone Credit Union for leave to file its proof of claim is denied.