**In re Ronny TURNER and Glenda H. Turner, Debtors.**

**In re Phillip OWENS and Debra Owens, Debtors.**

**In re Troy Franklin MOORE, Debtor.**

**Bankruptcy Nos. 91–42079(13), 92–42625(13) and 92–42766(13).**

United States Bankruptcy Court, N.D. Alabama.

Sept. 7, 1993.

Thomas M. Semmes, Anniston, AL, for Ronny and Glenda Turner.

Charles D. Martin, Gadsden, AL, for Phillip and Debra Owens.

Virgil M. Smith, Gadsden, AL, for Troy Franklin Moore.

### MEMORANDUM OPINION

JAMES S. SLEDGE, Bankruptcy Judge.

These proceedings are before the Court for a consolidated hearing in three separate cases filed under Title 11, United States Code, Chapter 13. In each case Internal Revenue Service (IRS) filed proofs of claim and the trustee filed contests of the IRS claims. The facts of each case are slightly

different, but the dispositive issue is the same in each case. The Court must determine whether a claim filed in a Chapter 13 case after the 90–day deadline set by Federal Rule of Bankruptcy Procedure 3002(c) can be allowed.

Appearing at the August 11, 1993, hearing were Linda B. Gore, Chapter 13 standing trustee, Richard E. O'Neal, assistant United States attorney, Scott J. Crosby, trial attorney, Tax Division, United States Department of Justice, Charles D. Martin, attorney for Phillip Owens and Debra Owens, Thomas M. Semmes, attorney for Glenda Turner and Ronny Turner, and Virgil M. Smith, attorney for Troy Franklin Moore. This Court has jurisdiction under 28 U.S.C. § 1334, and these are core proceedings under 28 U.S.C. § 157(b)(2)(B). Some of the parties have filed briefs and written arguments which the Court has considered, and the facts as set forth below are not in dispute. Upon full consideration of the arguments by counsel, the facts, and the law, the Court concludes that the contests by the standing trustee are to be sustained.[1]

### FINDINGS OF FACT

The facts of each case are set out individually.

#### Phillip Owens and Debra Owens

Phillip Owens and Debra Owens filed a petition on October 13, 1992. The notice for a meeting of creditors under § 341 was dated and mailed October 14, 1992, and this notice provided a deadline for filing proofs of claims on February 11, 1993. The debtors did not schedule IRS as a creditor and no notice was sent to IRS. The debtors amended the schedules to add Internal Revenue Service on February 4, 1993, for those taxes that were owed for 1987, 1988, and 1989. The clerk mailed a notice to Internal Revenue Service on February 5, 1993, indicating the deadline for filing a proof of claim. The scheduled hearing for confirmation was held March 3, 1993, and the

---

**1.** This memorandum opinion constitutes the findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

order confirming the plan was entered March 5, 1993. Neither the debtor nor the trustee filed a proof of claim on behalf of Internal Revenue Service. IRS neither objected to confirmation nor appealed the confirmation order but filed a proof of claim on April 28, 1993, asserting a priority claim for the estimated taxes for 1987, 1988, 1989, and 1990. Mr. Owens did not file an income tax return for those years. The trustee filed a contest to the claim on May 5, 1993, and the court scheduled this hearing after IRS responded to the contest.

### Troy Franklin Moore

Troy Franklin Moore filed a petition on October 29, 1992. The original schedules listed Internal Revenue Service. A notice of the meeting of creditors under § 341 was dated and mailed October 30, 1992, indicating that the deadline for filing a proof of claim was March 11, 1993. The debtor filed an amendment to Schedule "F" on March 18, 1993, indicating a larger amount owed. The scheduled hearing for confirmation was held March 24, 1993, and an order confirming the plan was entered March 25, 1993. IRS did not object to confirmation, did not appeal the confirmation order, but filed two priority proofs of claim on May 26, 1993, one for income tax for 1989 and one for income tax for 1992. The trustee contested these two claims on June 3, 1993. After a response by IRS, the contests were set for hearing.

### Glenda Turner and Ronny Turner

Glenda Turner and Ronny Turner filed a petition on August 2, 1991. The petition did not list IRS. A notice of the meeting of creditors under § 341 was dated and mailed August 5, 1991, indicating a deadline for filing proofs of claim of December 11, 1991. The scheduled hearing for confirmation was held January 8, 1992, and an order confirming the plan was entered January 10, 1992. Internal Revenue Service did not object to confirmation and did not appeal the confirmation order. Even though no notice of the bankruptcy case was mailed from the clerk of court to IRS, it filed a proof of claim on April 30, 1993, claiming a priority status for income taxes for 1988 and 1989. Upon receipt of this proof of

claim, the clerk added Internal Revenue Service to the mailing list. The trustee filed a contest to the proof of claim on May 20, 1993. After a response from the Internal Revenue Service, the court set the contest for this hearing.

As grounds for each of the above contests, the Chapter 13 standing trustee asserts that the claims do not amend previously-filed claims, were filed subsequent to the date fixed for filing claims, and do not fit within the exceptions set forth in Rule 3002(c). In each case, the notice of the meeting of creditors included a bold notice as follows: "Creditors: File your claims NOW. Claims not filed by claims bar date generally are not allowed. Bar date is [*applicable date*]." Each debtor's plan provides that the debtor shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. § 507. All of the claims filed by Internal Revenue Service are unsecured claims entitled to priority status by 11 U.S.C. § 507. The provisions of the plan in each case satisfy the requirement for full payment in deferred cash payments of claims entitled to priority under § 507. 11 U.S.C. § 1322(a)(2).

### DISCUSSION AND CONCLUSIONS OF LAW

Whether or not a claim filed in a Chapter 13 case after the deadline or bar date for filing proofs of claim can be allowed and entitled to distributions from the standing trustee depends upon the interrelationship of United States Code, Title 11, §§ 501 and 502 and Federal Rule of Bankruptcy Procedure 3002. This issue was thought to be settled by a long-standing precedent that the 90–day deadline for filing unsecured claims (priority or nonpriority) is an absolute bar and that the bankruptcy court has no discretion to enlarge the time or permit an untimely filed or tardy proof of claim to be paid by distributions from the standing trustee. 2 Keith M. Lundin, *Chapter 13 Bankruptcy* §§ 7.15–7.24 (1992); 5 *Norton Bankruptcy Law and Practice 2d*, § 123.9 (William L. Norton, Jr. ed., 1993). Internal Revenue

Service seeks to persuade the Court to deviate from this long established precedent and follow a new direction recently blazed by a bankruptcy court in another circuit. For the following reasons, this Court declines this adventuresome invitation and continues to apply the strict deadline imposed by FRBP 3002.

The IRS urges this Court to adopt an analysis based upon *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992), which this Court respectfully concludes is wrongly decided and unpersuasive. Instead, this Court finds persuasive the careful analysis and conclusions of *In re Bailey,* 151 B.R. 28 (Bankr.N.D.N.Y.1993) and *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich. 1993), which this Court adopts and follows.

## SECTIONS 501 AND 502 AND RULE 3002 ESTABLISH A TIME BAR PREVENTING ALLOWANCE OF CLAIMS IN THE ABSENCE OF A TIMELY FILED PROOF OF CLAIM

Title 11, United States Code, § 501(a) provides that a creditor may file a proof of claim. While § 501 contains no deadline or bar date for filing the proof of claim, subsections (b) and (c) establish alternatives for filing proofs of claim by other entities in the event that a creditor fails to timely file.[2] Thus, a reading of subsections (a), (b), and (c) of § 501 together raises an inference that a creditor's filing of a proof of claim under subsection (a) must be timely. If the creditor does not timely file a proof of claim under § 501(a), subsections (b) and (c) permit a guarantor, the debtor or the trustee an additional period in which to timely file. The House and Senate Reports of the Bankruptcy Reform Act of 1978,[3] clarify that Congress drafted § 501 with the intention that Federal Rules of Bankruptcy Procedure [hereinafter "FRBP"] would establish procedural mat-

ters, including the deadline or bar date for a creditor to file a proof of claim under § 501.[4] Consistent with this congressional intent, FRBP 3002(a) provides that a creditor must file a proof of claim in accordance with Rule 3002 in order for the claim to be allowed, and FRBP 3002(c) provides that a proof of claim must be filed within 90 days after the first date set for the meeting of creditors in a Chapter 13 case, with certain limited exceptions which do not apply to these facts. Consequently, in order to file a proof of claim under 11 U.S.C. § 501, the deadline under FRBP 3002(c) must be satisfied.

■ The federal courts adopt rules of procedure promulgated under the authority of an enabling statute, which requires that the rules not change substantive rights. 28 U.S.C. § 2071. The rules should be followed unless a court determines that a rule violates the enabling statute or the Constitution.

> The study and approval given each proposed rule by the Advisory Committee, the Judicial Conference, and the court, and the statutory requirement that the rule be reported to Congress for a period of review before taking effect, *see* 28 U.S.C. § 2072, give the rules presumptive validity under both the constitutional and statutory constraints.

*In re Zimmerman,* 156 B.R. 192, 196 (Bankr.W.D.Mich.1993); *Burlington N. Railroad v. Woods,* 480 U.S. 1, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987).

Internal Revenue Service contends that all filed proofs of claim are filed pursuant to § 501 and thus allowed by § 502(a) unless disallowed under subsection (b). This argument overlooks the limiting provision of § 502(a), "proof of which is filed under § 501 of this title," which includes a timely filing requirement as established by FRBP 3002(c). Under the IRS argument, all un-

---

**2.** These two subsections are expanded in Federal Rules of Bankruptcy Procedure 3004 and 3005.

**3.** Pub.L. No. 95–598, 92 Stat. 2549 (codified as amended in 11 U.S.C.).

**4.** The rules of bankruptcy procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed. H.R.Rep. No. 595, 95th Cong., 2d Sess. 351 (1977), *reprinted in,* 1978 U.S.C.C.A.N. 5963, 6307; S.Rep. No. 989, 95th Cong.2d Sess. 61 (1978), *reprinted in,* 1978 U.S.C.C.A.N. 5787, 5847.

timely filed proofs of claim are allowed because § 502(b) does not disallow a claim that is filed after the bar date. This interpretation creates a conflict between 11 U.S.C. § 502(b) and FRBP 3002.[5]

Contrary to the *Hausladen,* analysis, the claims allowance process involves several steps.

> The first step in the process is filing a claim. The substantive rights of various parties to file claims are found in § 501; The procedure for doing so is located in FED.R.BANKR.P. 3002. Once filing is accomplished, the substance of the claim is considered under § 502. A claim may not be allowed because of defects at any of these steps.

*Zimmerman,* 156 B.R. at 198. This analysis of the claims allowance process makes §§ 501 and 502 and FRBP 3002 complimentary, rather than contradictory. Section 501 defines the substantive aspects of the right to file a claim, while FRBP 3002 establishes procedural guidelines for filing. The substantive grounds for denying allowance of a properly filed claim are contained in § 502. Consequently, the procedural rule does not make or amend substantive law. *See,* 28 U.S.C. § 2075.

■ *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992), incorrectly analyzed the claims allowance process in concluding that the time limitation in FRBP 3002 conflicts with 11 U.S.C. § 502. That case confuses a proof of claim not allowed because it is not filed as required by § 501 with a claim disallowed by the grounds set out in § 502. *Hausladen* failed to adequately consider that FRBP 3002 procedurally implements filing a claim under § 501 by providing the time and place for filing. The procedural requirements of FRBP 3002 must be followed in order to file a proof of claim under § 501. *In re Johnson,* 156 B.R. 557 (Bankr.N.D.Ill.1993). This Court adopts the analysis and conclusions of *In re Bailey,* 151 B.R. 28 (Bankr.N.D.N.Y. 1993) and *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich.1993) as follows:

> We agree with the *Bailey* court, which in reference to this interpretation of FED. R.BANKR.P. 3002, stated: 'with all due respect to that observation the plain reading of FED.R.BANKR.P. 3002(a) requires this Court to reach the conclusion that that Rule emphatically requires the filing of a proof of claim within the period prescribed under FED.R.BANKR.P. 3002(c) as a condition precedent to allowance'. *Bailey,* 151 B.R. at 31, fn. 2.

*Zimmerman,* 156 B.R. at 197.

The above description of the claims allowance process reflects a long line of cases holding that the FRBP 3002(c) deadline is an absolute bar for filing and allowing proofs of claim.[6] For example, in *In re Chirillo,* 84 B.R. 120 (Bankr.N.D.Ill.1988), a Chapter 13 debtor did not list a creditor, and no notice of the deadline for filing proofs of claim was sent to the creditor. The court held that an untimely filed proof of claim is not a proof of claim filed under § 501, and the court refused to allow the claim. *Id.* at 122; *see also, In re Glow,* 111 B.R. 209 (Bankr.N.D.Ind.1990) (bar date is absolute and untimely claims cannot be allowed); *In re Kennedy,* 40 B.R. 558 (Bankr.N.D.Ala. (1984) (claims deadline is an absolute bar date); *In re Scott,* 119 B.R. 818 (Bankr.M.D.Ala.1990) (proof of claim filed after the bar date was not allowed as it did not fit within any of the exceptions contained in FRBP 3002(c)(1–6) even though the creditor was not scheduled, did not receive notice of the deadline for filing proofs of claims, and had no knowledge of the case). The court recognized that the bankruptcy court has no discretion to enlarge or deviate from the deadline for filing

---

5. If there is any conflict between the provisions of § 502(a) and FRBP 3002(c) as interpreted by Internal Revenue Service, the same conflict afflicts FRBP 3003 in chapter 11 cases as subsection (c)(3) authorizes the Court to fix the time for filing proofs of claim, and subsection (c)(2) prevents a creditor from receiving distributions

or voting if a proof of claim is filed untimely. *In re Wilson,* 90 B.R. 491 (Bankr.N.D.Ala.1988).

6. *See,* Keith M. Lundin, *Chapter 13 Bankruptcy,* §§ 7.15–7.24 (1992); *Norton Bankruptcy Law and Practice 2d,* § 123.9 (William L. Norton, Jr. ed., 1993).

proofs of claim.[7] *Chirillo*, 84 B.R. at 121; *see also, In re Tipton*, 118 B.R. 12 (Bankr. D.Conn.1990) (even though a creditor is not scheduled and receives no notice of the deadline for filing proofs of claim, the bankruptcy court has no discretion to extend the time for filing or to allow an untimely filed proof of claim); *In re Glow*, 111 B.R. 209 (Bankr.N.D.Ind.1990); *In re Kennedy*, 40 B.R. 558 (Bankr.N.D.Ala. (1984) (court may not enlarge time to file proof of claim under 3002(c) except as that rule provides).

The *Chirillo* court relied heavily upon the analysis of similar facts in *In re International Resorts, Inc.*, 74 B.R. 428 (Bankr.N.D.Ala.1987) which stated that

> the inherent equity powers of the bankruptcy court ... are a tempting instrument to mitigate the harshness involved in any statutory time limitation, but ... courts have generally withstood the temptation even in situations in which the equities of the case ... spoke strongly in favor of equitable relief.

*Id.*, at 429–430. The *International Resorts* court then considered the time limitation imposed by FRBP 3002(c) and noted that:

> Under no circumstances other than those specifically referred to in the statute may the court admit a claim to untimely proof, but is under a duty to disallow it, with no power to substitute equitable considerations for the manifest intent of Congress.

74 B.R. at 430. This conclusion is required even when the result is that the creditor can never receive any distribution from the case. *Chirillo*, at 122.

Another case addressing the central issue before the Court is in *In re Goodwin*, 58 B.R. 75 (Bankr.D.Me.1986). In *Goodwin*, the court would not allow the IRS's untimely filed claim under § 501. Consequently, the court did not consider disallowance of the claim under § 502. After determining that the claim could not be allowed, the court then concluded that upon completion of the plan, the debtor would

discharge the IRS claim. Reviewing the broad discharge available under § 1328(a), the court considered that Congress intends to encourage debtors to use Chapter 13 and to provide them a very broad fresh start. The court did concede that, "this proceeding demonstrates the advantages afforded Chapter 13 debtors by the Bankruptcy Reform Act of 1978. It also dramatizes the requirement of diligence on the part of creditors." *Goodwin*, 58 B.R. at 76.

A bankruptcy court in the sixth circuit reached a similar result in *In re Richards*, 50 B.R. 339 (E.D.Tenn.1985). In that case, IRS untimely filed a proof of claim and then withdrew it. After a § 1328(a) discharge was entered, the IRS attempted to collect. The court considered the provisions of the plan that provided for payment of allowed priority claims, as well as the requirement that a proof of claim be filed in order for a claim to be allowed. The court recognized that in Chapter 13 cases, only allowed claims and administrative expenses are paid. Since IRS would have been paid if they had timely filed a proof of claim, the debt was discharged.

A ninth circuit bankruptcy court in *In re Tomlan* followed this same analysis and similarly concluded that the untimely filed proof of claim was discharged without any payment in the Chapter 13 plan. *In re Tomlan*, 102 B.R. 790 (E.D.Wash.1989) *aff'd.* 907 F.2d 114 (9th Cir.1990). Another court responding to the dischargeability issue held that a claim is discharged where it is based upon a penalty for prepetition taxes, even where the penalty does not become payable until long after the deadline for filing proofs of claim. *Workman v. United States*, 108 B.R. 826 (Bankr. M.D.Ga.1989). The Internal Revenue Service was obligated to estimate the penalty in a timely filed proof of claim in order to be paid.

Another bankruptcy court decision, *In re Tipton*, addressed in dictum the issue of dischargeability where the creditor had no notice of time for filing proofs of claims. 118 B.R. 12 (Bankr.D.Conn.1990). The

---

7. FRBP 9006(b)(3) provides no discretion or availability of excusable neglect as a defense.

court considered whether the lack of notice prevented the claim from being subject to any discharge which might be entered. The court concluded that if the creditor has no notice of the bankruptcy case and receives no notice of the deadline for filing proofs of claim, then the debt is not discharged because the rules cannot be applied in a way which deprives a party of constitutional rights arising from the due process clause of the Fifth Amendment, United States Constitution. *See also, In re Johnson,* 156 B.R. 557 (Bankr.N.D.Ill.1993) (dictum on dischargeability when no notice given). As the dischargeability of the claims are not before the Court in these contests of claims, this Court declines to consider the dischargeability of each of these claims. This issue has not been addressed by the parties, nor has it been briefed and would be dictum in this proceeding.

Although the Eleventh Circuit Court of Appeals has not addressed the allowance of untimely filed claims under Chapter 13, in a Chapter 11 case, *In re International Horizons,* 751 F.2d 1213 (11th Cir.1985), the court disallowed an untimely filed proof of claim. IRS argued that the proof of claim was timely, claiming it was an amendment to a prior timely filed proof of claim. The Eleventh Circuit, however, found that the claims were based on different tax liabilities, and therefore, the amendment was not proper. Since the later filed proof of claim was not an amendment, it was untimely and disallowed.[8]

### REJECTION OF IN RE HAUSLADEN'S § 726(A) ANALYSIS

Internal Revenue Service seeks to persuade this court to deviate from the established precedent refusing to allow untimely filed proofs of claim in Chapter 13 cases and follow the direction of *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992).[9] *In re Hausladen* accepted the IRS argument that all proofs of claim are filed under § 501 and cannot be disallowed unless the provisions of § 502(b) apply. Since untimeliness is not mentioned in § 502(b), IRS contends that a tardy proof of claim must be allowed and provided for by the terms of the plan. The *Hausladen* court did note that the plan could classify tardily filed proofs of claim and provide adverse treatment to them. This result was reached through an analogy to § 726(a) which provides for a lower priority for distribution in a Chapter 7 case for proofs of claim that are tardily filed.

A recent bankruptcy court decision from the second circuit rejects *Hausladen. In re Bailey,* 151 B.R. 28 (Bankr.N.D.N.Y. 1993). Finding the rationale behind the decision unpersuasive the *Bailey* court declined to depart from the well-settled law on this issue. The court chose not to adopt an interpretation of the Rules and Code that establishes a conflict between § 502(b) and FRBP 3002(c). Instead, the court reviewed § 501 along with its legislative history and found that Congress intended to establish procedural guidelines in the Federal Rules of Bankruptcy Procedure. Thus, the court concluded that a proof of claim must be timely filed within the deadline in order to be filed under § 501.

In reaching its conclusion, the *Bailey* court specifically rejected the analogy to the treatment of untimely filed proofs of claim under § 726(a). Since that section provides a priority for distribution in Chapter 7 cases, it considers concerns and poli-

---

**8.** *Pioneer Investment Services Co. v. Brunswick Associates (In re Pioneer Investment Services Co.),* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) extended the concept of excusable neglect in considering an untimely filed proof of claim in a chapter 11 case. The deadline for filing proofs of claim under FRBP 3003(c)(3) may be extended by FRBP 9006(b)(1) when the delay is caused by excusable neglect. These rules for filing claims in chapter 11 cases are different than the rules for filing claims in chapter 13 cases and thus have no application.

There is no comparable provision in chapter 13 cases to extend a deadline for filing proofs of claims based upon excusable neglect. *In re Bailey,* 151 B.R. 28, 34 (Bankr.N.D.N.Y.1993).

**9.** The *Hausladen* court's analysis is cited in two more recent cases decided under chapter 7. *In re Corporacion De Servicios Medico–Hospitalarios De Fajardo, Inc.,* 149 B.R. 746 (Bankr.D.P.R. 1993), and *In re Rago,* 149 B.R. 882 (Bankr. N.D.Ill.1992).

cies different than those addressed under Chapter 13. Chapter 13 simply has no corollary to § 726(a). As the rationale and statutory authority for allowing tardy claims in Chapter 7 has no application in Chapter 13, the cases are unpersuasive.

■ Rather than finding a conflict between § 502(b) and FRBP 3002(c), the interpretation used by the many cases cited above avoids the conflict and makes all of the provisions of §§ 501 and 502 and FRBP 3002 compatible. The rules must be consistent with the statute, 28 U.S.C. § 2075, and where possible, rules should be interpreted to avoid conflict. *In re Jordan,* 79 B.R. 49 (N.D.Ala.1987).

## THE IMPORTANCE OF FINALITY IN THE CLAIMS ALLOWANCE PROCESS

The IRS argument and the cases on which it relies would permit filing of a proof of claim without any deadline. This analysis raises several troublesome issues. First, how would the Chapter 13 standing trustee pay a proof of claim which was filed at or near the end of the term of the plan? The debtor would have no duty to pay any additional funds and the trustee would have already distributed all of the funds paid in by that time. Second, does Internal Revenue Service suggest that the standing trustee would have to recover all funds distributed to holders of claims that are entitled to a lower priority than IRS (in the case *sub judice,* all of the contested proofs of claims have a priority status)?

The claims allowance process, which can encompass the implementation of, *inter alia,* 11 U.S.C. §§ 501, 502 and 506 as well as Rules 3002, 3007, 3008 and 3012, occurs preconfirmation. *In re Duke,* 153 B.R. 913, 916 (Bankr.N.D.Ala.1993). The parties must be able to rely upon the finality and binding effect of an order confirming a plan. 11 U.S.C. § 1327(a). Deadlines and finality must be strictly applied. Otherwise, the bankruptcy courts, with case loads in this district from 3,500 to 8,000 per judge, and others with many thousands more, will grind to a halt under the overwhelming weight. *Duke,* 153 B.R. at 917,

918. Parties are entitled to rely upon the provisions of a binding order confirming a plan without the risk that a tardy proof of claim will change all the provisions and disbursements. *In re Bailey,* 151 B.R. 28, 33 (Bankr.N.D.N.Y.1993); *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich.1993). In the cases at issue, the hearing on the contests of claims can be held and the contests considered after the order confirming the plan solely because the trustee filed the contests prior to the hearing on confirmation. Consequently, the subject claims were not deemed allowed at the confirmation hearing, and fixed by the order confirming the plan. *Duke* 153 B.R. at 916; *In re Haynes,* 107 B.R. 83 (Bankr. E.D.Va.1989); *Simmons v. Savell (In re Simmons),* 765 F.2d 547, 553 (5th Cir.1985); *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544 (11th Cir.) (citing *In re Simmons* with approval), *cert. denied,* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990).

### § 502(b)(1) DISALLOWANCE

Even if this Court were to accept IRS' position that all filed proofs of claims are filed under § 501 and therefore allowed under § 502(a), the IRS could not prevail in their claims contest. Section 502(b)(1) disallows a claim that is unenforceable against the debtor under applicable law. FRBP 3002(c) provides the deadline or bar date for filing proofs of claim. If this deadline is not met, the proof of claim cannot be allowed under Rule 3002(a) and therefore cannot be enforced against the debtor. Consequently, Rule 3002 becomes an applicable law which makes the claim unenforceable against the debtor, thereby disallowing the claim under § 502(b)(1). *In re Stoecker,* 151 B.R. 989 (Bankr.N.D.Ill. 1993). *Cf. United States v. Sanford,* 979 F.2d 1511 at 1513 (11th Cir.1992).

■ This argument is strengthened in the three cases under consideration as each of the orders confirming the plans delays revesting of the property under § 1327(b) until a discharge is entered or the case is closed. Therefore the automatic stay under § 362 continues to apply to prevent any

action against the debtor or property of the estate, including all future earnings of the debtor. With the automatic stay in place, the holder of an untimely filed proof of claim would not be able to enforce the claim against the debtor or property of the debtor. Thus § 362 is an additional applicable law preventing enforcement of the claim, and creating disallowance under § 502(b)(1).

### CONCLUSION

Upon the foregoing reasons, the contests of claims by the standing trustee is sustained on the ground that the claims are not amendments to timely-filed claims, are filed subsequent to the deadline fixed for filing proofs of claim, and are not excepted under FRBP 3002(c). A separate order will be entered consistent with this opinion.