**Thomas Irving JONES, Plaintiff–Appellant,**

v.

**Sally ARROSS, Defendant–Appellee.**

**No. 93–8018.**

United States Court of Appeals,
Tenth Circuit.

Oct. 29, 1993.

---

Georg Jensen, Law Offices of Georg Jensen, Cheyenne, WY, for plaintiff-appellant.

Kate M. Fox and Darlene L. Reiter of Burgess, Davis & Cannon, Cheyenne, WY, for defendant-appellee.

Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.

BARRETT, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

This case requires us to decide whether a creditor who was not notified of a Chapter 12 bankruptcy may nonetheless be permitted to file a late proof of claim. Because we conclude that such late filing is not allowed under the Bankruptcy Rules, we reverse.

Appellee Sally Arross was divorced from appellant Thomas Jones in 1976. The decree of dissolution provided for payment of child support by Mr. Jones and for a property settlement in favor of Ms. Arross. Mr. Jones filed a Chapter 12 bankruptcy petition in January, 1990. Although there were amounts outstanding under each of the obligations arising from the decree, Ms. Arross was not listed as a creditor, nor did Mr. Jones' reorganization plan provide for payment of his debt to her. After learning of the bankruptcy, Ms. Arross attempted to file a late proof of claim.

The bankruptcy court allowed the late filing and implicitly accepted Ms. Arross' characterization of the claim for child support as a priority. Appellee's App. at 2, 4. The district court affirmed. Appellant's Supp. App. at Attachment 3. On appeal, Mr. Jones challenges both of these determinations.

██ Resolution of this appeal depends on the interplay of two distinct Bankruptcy Rules. The first is Rule 9006(b). "The time-computation and extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

*Partnership,* —— U.S. ——, —— n. 4, 113 S.Ct. 1489, 1495 n. 4, 123 L.Ed.2d 74 (1993). Subsection 1 of Rule 9006(b) provides that the court may enlarge the time for doing a particular act "for cause shown."[1] The second rule pertinent here is Rule 3002(c) which specifies that the time for filing a proof of claim in a Chapter 7, 12, or 13 case shall be "within 90 days after the first date set for the meeting of creditors." Bankr.R. 3002(c). Rule 3002(c) then lists six specific exceptions to this filing deadline, none of which apply here.

 The Supreme Court has recently clarified the scope of "excusable neglect" for purposes of Rule 9006(b)(1).[2] In *Pioneer,* —— U.S. ——, 113 S.Ct. 1489, the Court held that Rule 9006(b)(1) allows courts, in appropriate circumstances, "to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.,* at ——, 113 S.Ct. at 1495. Relevant for our purposes, however, is the Court's later explanation making it clear that the "excusable neglect" standard for filing proofs of claim applies only to cases brought under Chapter 11.[3] This is because of the operation of subsection (b)(3) of Rule 9006. That provision states: "The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), *3002(c),* 4003(b), 4004(a), 4007(c), 8002, and 9033, *only to the extent and under the conditions stated in those rules.*" Bankr.R.

9006(b)(3) (emphasis added). Thus "[o]ne of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases." *Pioneer,* —— U.S. at —— n. 4, 113 S.Ct. at 1495 n. 4. "Such filings are governed exclusively by Rule 3002(c)." *Id.* (citing Rule 9006(b)(3); *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.),* 920 F.2d 1428, 1432 (9th Cir. 1990)). Because Rule 3002(c) governs not only Chapter 7 but also Chapters 12 and 13, there is no excusable neglect exception available to Ms. Arross. *In re Zimmerman,* 156 B.R. 192, 200 (Bankr.W.D.Mich.1993); *see also In re Jones,* 154 B.R. 816, 818 (Bankr. M.D.Ga.1993) (time to file proofs of claim in Chapter 7 and 13 cases extendable only for reasons listed in Rule 3002(c));[4] *cf. In re Gray,* 156 B.R. 707, 710 (Bankr.D.Me.1993) (no allowance in Rule 9006(b)(3) for excusable neglect in complying with Rule 4007(c) in a Chapter 7 case). Rule 3002(c) allows no exception to the filing deadline for a creditor who was not notified of a bankruptcy. *In re Wilson,* 90 B.R. 491, 492–93 (Bankr.N.D.Ala. 1988); *In re King,* 90 B.R. 155, 156, 158 (Bankr.E.D.N.C.1988); *In re Chirillo,* 84 B.R. 120, 121–22 (Bankr.N.D.Ill.1988). The bankruptcy court, therefore, erred in allowing Ms. Arross' late filing.

 We are aware of the seeming harshness of this result. The Bankruptcy Code, however, specifically provides a remedy for

---

1. Bankruptcy Rule 9006(b)(1) provides:
 (1) **In General.** Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

2. The fact that Ms. Arross here did not file her proof of claim timely because she was not notified of the bankruptcy would constitute a species of neglect. "The word [neglect] ... encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick As-*

*socs. Ltd. Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993).

3. We note that the cases cited by the district court are not contrary to *Pioneer. City of New York v. New York, New Haven & Hartford Railroad Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), dealt with a railroad reorganization. Similarly, *Bratton v. Yoder Co. (In re Yoder Co.),* 758 F.2d 1114 (6th Cir.1985), involved a Chapter 11 proceeding.

4. Rule 3002(c) explicitly applies to Chapter 12 family farmer's debt adjustment and Chapter 13 individual's debt adjustment cases. Bankr.R. 3002(c). Subdivision (c) was amended in 1991 to include Chapter 12. While Mr. Jones' Chapter 12 petition was filed in 1990, case law prior to that time had held that Rule 3002(c) applied to Chapter 12 cases. *In re Wharry,* 91 B.R. 31, 32 (Bankr.N.D.Ohio 1988); *In re King,* 90 B.R. 155, 156 (Bankr.E.D.N.C.1988).

persons in Ms. Arross' situation. Because she was not listed among Mr. Jones' creditors, her claim is nondischargeable. *See* 11 U.S.C. § 523(a)(3).[5] She may now petition the bankruptcy court for relief from the stay and bring an action against Mr. Jones, or she may wait until the case ends and bring such an action. *See In re Pettibone Corp.*, 156 B.R. 220, 234–35 (Bankr.N.D.Ill.1992); *In re Chirillo*, 84 B.R. at 122–23. Because we have determined that Ms. Arross' late filing should not have been allowed, it is unnecessary for us to reach the priority issue.

The judgment of the United States District Court for the District of Wyoming is REVERSED, and this case is REMANDED for further proceedings consistent herewith.

---

5. This would not be the case if Ms. Arross had timely notice or timely actual knowledge of the case. *See* 11 U.S.C. § 523(a)(3)(A). Mr. Jones, however, concedes that the issue of Ms. Arross' actual knowledge is not before this court. Appel-

lant's Br. at 2. In any event and irrespective of Ms. Arross' knowledge, claims for child support are specifically nondischargeable. 11 U.S.C. § 523(a)(5).