In re Robert Joseph BABBIN, Debtor.

In re Harlowe Alte LINDGREN and Kathleen Mary Lindgren, Debtors.

In re Eden Anthony DUARTE and Paula Rene Duarte, Debtors.

In re Cynthia Kay MILLER, Debtor.

In re Meredith P. WARE, Debtor.

Bankruptcy Nos. 89 B 09367 E, 90 B 04639 E, 91–18733 CEM, 90–18791 CEM and 92–12502 CEM.

United States Bankruptcy Court, D. Colorado.

Feb. 7, 1994.

Sally J. Zeman, Standing Chapter 13 Trustee, Denver, CO, for Standing Chapter 13 Trustee in all five cases.

Loretta A. Burnett, Burnett & Associates, Colorado Springs, CO, for Robert J. Babbin in Bankruptcy No. 89 B 09367 E.

Monty G. Hogue, Lowery & Lowery, P.C., Denver, CO, for GMAC in Bankruptcy No. 90 B 04639 E.

James E. Martin, Jr., Burke & Castle, P.C., Denver, CO, for Bank One Denver, NA, Westminster Bank Center in Bankruptcy No. 91–18733 CEM.

Loretta A. Burnett, Burnett & Associates, Colorado Springs, CO, for Cynthia Kay Miller in Bankruptcy No. 90–18791 CEM.

Stuart D. Thomas, Colorado Springs, CO, for Ohio Cas. Ins. Co. in Bankruptcy No. 92–12502 CEM.

## OPINION AND ORDER ON REMAND

CHARLES E. MATHESON, Chief Judge.

This matter is before the Court pursuant to an order of remand entered by the district court. This Court's prior opinion dealt with a variety of related issues which arose in these cases. *In re Babbin,* 156 B.R. 838 (Bankr.D.Colo.1993). Among those issues was the question of whether, in a Chapter 13 case, a proof of claim filed by an unsecured creditor after the time specified in F.R.B.P. 3002(c) should be disallowed solely because of the untimely filing. This Court held that late filing was not grounds for disallowance, following the precedent of *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992). The district court indicated that it had previously been persuaded that the contrary view, expressed in the case of *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich.1993), was the proper interpretation of the Code and the law. However, the court then observed that this Court's decision in *Babbin* had been reached before *Zimmerman* was decided. Accordingly, the district court remanded the matter to permit this Court to reconsider its ruling in light of *Zimmerman.*[1] With respect, and recognizing the substantial split this issue has engendered among the courts, this Court is unpersuaded by *Zimmerman* and remains of the view that *Hausladen* is the only proper interpretation that can be placed on the provisions of the Bankruptcy Code.

At the outset this Court must acknowledge and consider an opinion filed by the Tenth Circuit Court of Appeals on the day after the district court entered its order of remand in these cases. In the case of *Jones v. Arross,* 9 F.3d 79 (10th Cir.1993), the court had before it the question of whether a bankruptcy court could, in a Chapter 12 case, extend the time for the filing of a proof of claim by an unsecured creditor after the time specified in Rule 3002(c) had expired. The court there correctly held that the language of Rule 9006(b)(3) deprived the bankruptcy court of any authority to extend the time for the filing of such claims, and that the "excusable neglect" standard is not applicable in Chapter 12 cases.

The *Jones* case is significant because of the way in which the issue before the court was framed. In that case, the creditor (a former spouse of the debtor with a claim for

---

1. On appeal the district court affirmed this Court's determination that a secured creditor whose claim is specifically provided for in a plan need not file a proof of claim in order to be paid the amount specified by the plan, reversed the holding of this Court that the plan itself could act as an informal proof of claim for a creditor's claim which is specifically provided for in the plan, held that an unsecured creditor must file a proof of claim in order for the claim to be allowed, and remanded for this Court's reconsideration the issue specified. *In re Babbin,* 160 B.R. 848 (D.Colo.1993).

unpaid child support) had not been advised of the filing of the Chapter 12. Thus a proof of claim had not been timely filed. The circuit court characterized the case as one requiring it "to decide whether a creditor who was not notified of a Chapter 12 bankruptcy may nonetheless be permitted to file a late proof of claim." The bankruptcy court had permitted the claim to be filed and allowed it as a priority claim in the case. The circuit reverses.

The issue framed by the circuit court is the way in which counsel commonly presents the question. However, it is not what is meant. Rule 3002(a) does not prohibit the *filing* of a claim beyond the date specified in 3002(c). Instead, Rule 3002(a) specifies that a claim must be filed in accordance with the Rule in order for it to be *allowed*. It would not be proper for the clerk to refuse to accept for filing a proof of claim which is tendered after the period specified in Rule 3002(c) has expired. *U.S. v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1092 (6th Cir.1990) ("The Bankruptcy Code contemplates the filing of late claims.") The issue really before the court in *Jones* was whether the creditor's late filed claim could properly be considered to be timely filed, and therefore allowed, in light of the lack of notice. The Tenth Circuit holds, nevertheless, that the bankruptcy court "erred in allowing Ms. Arross' late filing."

Implicit in the court's holding in *Jones* is the reality that the creditor's claim was not allowed and, therefore, the creditor could not participate in distributions under the plan. The court recognized this result and its seeming harshness, but the court also recognized that the creditor was not without remedies.

The Bankruptcy Code, however, specifically provides a remedy for persons in Ms. Arross' situation. Because she was not listed among Mr. Jones' creditors, her claim is nondischargeable. *See* 11 U.S.C. § 523(a)(3). She may now petition the bankruptcy court for relief from the stay and bring an action against Mr. Jones, or she may wait until the case ends and bring such an action. *See In re Pettibone Corp.*, 156 B.R. 220, 234–35 (Bankr.N.D.Ill.1993); *In re Chirillo*, 84 B.R. at 122–23. Because we have determined that Ms. Arross' late filing should not have been allowed, it is unnecessary for us to reach the priority issue. *Jones v. Arross*, 9 F.3d 79 at 81. (Footnotes omitted).

This Court concludes that *Jones* is not dispositive of the issue now present in this case for two reasons. First, because of the way the issue was framed, the holding in *Jones* is focused on the interplay between Rules 3002(c) and 9006(b)(3). The precise holding of the Court is that the bankruptcy court cannot permit untimely claims to be treated as if they had been timely filed except to the limited extent provided for in Rule 3002. Apparently not argued, and certainly not discussed by the circuit court, is the question of whether late filed claims may, nonetheless, be "allowed." The court does cite the *Zimmerman* case, but not for the proposition that late filed claims must be disallowed. Instead, *Zimmerman* is cited as authority for the proposition that the "excusable neglect" standard is not applicable in Chapter 13 cases. Second, *Jones* is a Chapter 12 case and, while Chapter 12 and Chapter 13 are both subject to the provisions of Rule 3002, section 523(a)(3) of the Code does *not* apply in Chapter 13.[2] *See,* 11 U.S.C. § 1228(a)(2) [a discharge in Chapter 12 will discharge all debts provided for by the plan except any debt "of the kind specified in section 523(a) of this title"] as compared to 11 U.S.C. § 1328(a)(2) [a discharge in Chapter 13 will discharge any debt provided for by the plan except any debt "of the kind

**2.** The case of *In re Chirillo*, 84 B.R. 120 (Bankr. N.D.Ill.1988), cited by the Tenth Circuit, is a chapter 13 case in which the court states: "If Central [the creditor] in fact had no notice of the pendency of this case in time to file a timely proof of claim, its claim is not dischargeable. 11 U.S.C. § 523(a)(3). Thus, at the conclusion of the debtor's case, whether by dismissal prior to completion of the plan, or by discharge at its completion, Central would be able to assert its claim." While this result might well be correct, it clearly is not mandated by section 523(a)(3) which simply *does not apply* in Chapter 13. 11 U.S.C. § 1328(a). The Tenth Circuit does recognize that the debt of Ms. Arross was not dischargeable in any event due to 11 U.S.C. § 523(a)(5).

specified in paragraph (5) or (8) of section 523(a) or 523(a)(9) of this title; . . ."] The absence of this specific remedy in Chapter 13 might or might not be persuasive to the circuit court in dealing with the issue now before this Court. It was, however, a factor considered by the court in *Jones.* For these reasons the Court concludes that *Jones* is not binding precedent on the issue now before this Court.

In *Babbin,* this Court framed the particular issue as follows: "Is tardiness, in and of itself, a basis for disallowance of a late filed claim under 11 U.S.C. § 502?" On remand it is this issue which must be resolved. However, it now, more simply, becomes a question of whether *Hausladen* or *Zimmerman* represents the proper view of the law. Since *Hausladen,* this issue has split the bankruptcy courts across the country in a veritable barrage of opinions. Those that have followed *Hausladen* include not only *Babbin,* but *In re Judkins,* 151 B.R. 553 (Bankr. D.Colo.1993); *In re McLaughlin,* 157 B.R. 873 (Bankr.N.D.Iowa 1993); *In re Rago,* 149 B.R. 882 (Bankr.N.D.Ill.1992) (Chapter 7); and *In re Corporacion de Servicios Medico–Hospitalarios de Fajardo, Inc.,* 149 B.R. 746 (Bankr.D.Puerto Rico 1993). Those opposed to *Hausladen* include, in addition to *Zimmerman, In re Turner,* 157 B.R. 904 (Bankr. N.D.Ala.1993); *In re Bailey,* 151 B.R. 28 (Bankr.N.D.N.Y.1993); *In re Johnson,* 156 B.R. 557 (Bankr.N.D.Ill.1993); *In re Osborne,* 159 B.R. 570 (Bankr.C.D.Cal.1993); and *In the Matter of Keck,* 160 B.R. 112 (Bankr.N.D.Ind.1993).

This Court has no intention of restating all of the cogent arguments articulated by the *Hausladen* court in arriving at its decision. It is appropriate, however, for this Court to state why it believes *Hausladen* is the correct approach as opposed to *Zimmerman.*

We are dealing with a question of statutory construction. Thus the first inquiry must be with respect to the language of the statute itself. *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Here, the statute tells us that a "creditor may file a proof of claim." 11 U.S.C. § 501(a). The statute further instructs that a claim, "proof of which is filed under section 501 of this title is deemed allowed . . ." 11 U.S.C. § 502(a). Section 502(b) of the Code then specifies that, upon objection, a claim may be allowed "except to the extent that" the claim itself transgresses any of the provisions of section 502(b)(1) through (8). As *Hausladen* aptly observes, there is no exception in section 502(b) for a claim which is not timely filed. Indeed, the time for the filing of a claim is nowhere specified in the Code. Instead, the time for the filing of claims was to be left to the drafters of the Rules. In this regard, the legislative history tells us:

> The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed. H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6307.

It is notable that the legislative history uses words like "timely" and "tardily" as opposed to "allowed" and "disallowed."

Beyond sections 501 and 502, the only other section of the Code which directly sheds any light on the legislative scheme is to be found in section 726. There the statute makes clear that, at least in Chapter 7, a claim which is otherwise allowable but is not timely filed is *not* disallowed; it is simply subordinated in payment to all timely filed claims.[3] 11 U.S.C. § 726(a)(2)(C). There is simply no conclusion that can be reached except that, at least for purposes of Chapter 7, whether a claim is timely or untimely is simply not relevant in determining whether the claim should be "allowed." Further,

---

**3.** One court, in rejecting the *Hausladen* analysis, has concluded that section 726 should be interpreted to mean that a creditor whose claim is untimely filed, will not have an allowed claim until the creditor takes some "affirmative action to have its claim allowed or treated as though it were timely." *In the Matter of Keck,* 160 B.R. 112, 116, n. 5 (Bankr.N.D.Ind.1993). This solution appears to conflict with both 11 U.S.C. § 502(a) ("a claim or interest, proof of which is filed under section 501 of this title is deemed allowed." Nothing more is required.) and F.R.B.P. 9006(b)(3) (eliminating, except in very limited circumstances, the ability of the court to treat as timely an untimely filed proof of claim. See, *Jones v. Arross,* 9 F.3d 79 (10th Cir.1993).)

there is nothing in the statute itself which suggests in any way that there should be a different result in a case pending under either Chapter 12 or 13.

The tension in these cases arises by reason of the provisions of the Bankruptcy Rules. Rule 3002(a) specifies that, in order for an unsecured creditor to have an "allowed" claim in a case pending under Chapters 7, 12 or 13, the creditor must file a proof of claim in accordance with the provisions of the Rule. The Rule then sets a time by which such claims must be filed. F.R.B.P. 3002(c). *Hausladen* holds that this Rule imposes an impermissible substantive condition on the process established by the Code for the allowance of claims. *Zimmerman* holds that the Rule is permissible and establishes, at least by implication, a penalty for the late filing of claims, which penalty is "disallowance."

The *Zimmerman* court states that section 501 of the Code "contemplates consequences for late filing but fails to identify those consequences." *In re Zimmerman,* 156 B.R. at 197 n. 3. With respect, section 501(a), which is the section which provides for the filing of claims in the first instance, says nothing about the time for the filing of such claims. Any inference that can be drawn about time consequences must come from sections 501(b) and (c) which specify that, if a creditor fails to timely file a proof of claim, the debtor or the trustee may file one for the creditor. Thus, contrary to the suggestion of the *Zimmerman* court, section 501 does *explicitly* tell us what happens if a creditor fails to "timely" file a proof of claim, and the consequence therein specified most assuredly is not disallowance of the claim.

The *Zimmerman* court also asserts that "whether a claim is eligible to be considered under section 502 at all depends upon its proper and timely filing." *Id.* at 198. However, section 502(a) is specific in providing that a proof of claim which is filed under section 501 is "deemed allowed." Nothing is said about timely filing in order to have a claim deemed allowed, a condition the *Zimmerman* court imposes out of the provisions of Rule 3002. ("While Fed.R.Bankr.P. does not explicitly state that later claims are barred, it does make timely filing a prerequisite to allowance." *In re Zimmerman,* 156 B.R. at 198).

The *Zimmerman* court then engages in a discussion of the "semantics of section 502", by which the court refers to the semantics of the term "disallowed." The discussion is flawed at the outset by asserting that the term "disallowed" "appears nowhere in section 502 ..." The fact is that the term "disallow" is used repeatedly in sections 502(d), (e), (f), (g), (h), (i), and (j). However, it is never used in conjunction with the untimely filing of a claim.

What the *Zimmerman* court wholly fails to do is to come to grips with the obvious reality that Rule 3002 and section 726 of the Code are in irreconcilable conflict. It is in section 726 that we find the consequences for the late filing of a proof of claim, and those consequences are *not* disallowance of the claim but subordination of the payment of that claim to the payment of all other allowed and timely filed claims. It is this section which makes it clear that nothing in either section 501 or 502 of the Code conditions the allowance of an unsecured claim on timely filing. That is a condition engrafted solely, and impermissibly, by the Rule. The *Zimmerman* court simply ignores section 726 and its ramifications, as if they do not exist.

Other courts which have declined to follow *Hausladen* have at least acknowledged the existence of 726 and the obvious conflict between Rule 3002 and section 726. For example, the court in the case of *In re Johnson,* 156 B.R. 557 (Bankr.N.D.Ill.1993), acknowledges that the observation of the *Hausladen* court concerning the conflict between section 726 and Rule 3002 "may have some merit in a Chapter 7 context." The court, nonetheless, discards the import of this conflict in Chapter 13 "because Chapter 13 plans do not incorporate the distribution scheme recognized in liquidations." *In re Johnson,* 156 B.R. at 561. Similarly, the court in *Turner, supra,* dismisses the importance of the conflict because "Chapter 13 simply has no corollary to section 726(a)."

Again, and with respect, it must be recognized that Chapter 13 does, indeed, have a

corollary to section 726, which is found in section 1325(a)(4) of the Code. That section commands, as a condition of confirmation of a Chapter 13 plan, a finding by the court that there will be distributed "on account of each allowed unsecured claim" an amount which is "not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date."

The impact of this section on the problem presently before the Court can best be examined in the context of a confirmation hearing which takes place after the time specified in Rule 3002(c) for the filing of claims has expired, a circumstance which is the practice in some jurisdictions. It is not at all inconceivable to contemplate a situation where the aggregate of all allowed and timely filed claims is less than the amount specified in the plan for distribution to unsecured creditors, and a creditor exists who has filed an untimely, but otherwise allowable, claim. If the estate were liquidated on the "effective date of the plan," the untimely filed claim would clearly be entitled to receive a distribution from the surplus funds pursuant to section 727(a)(2) or (3). However, under the *Zimmerman* rule, the plan would be confirmed and the tardily filed claim would not participate, a result which appears to this Court to be directly contrary to what is contemplated by section 1325(a)(4). Thus, this Court concludes that section 726, with its distribution scheme, is directly applicable in Chapter 13.[4]

Disallowance of unsecured claims because they were not timely filed may have other unintended and undesirable consequences. Section 1328(a) of the Code provides that, upon completion of a plan, the Court is to grant the debtor a discharge "of all debts provided for by the plan *or disallowed under section 502 of this title,* except" certain specified kinds of debts. The Court is frequently faced with untimely claims filed by the Internal Revenue Service ("IRS") for prepetition taxes which are not explicitly provided for by the plan. The trustee has, in the past, routinely objected to such claims and sought to have them "disallowed." The IRS has strenuously opposed the trustee's action fearing that disallowance for untimely filing might result in an otherwise nondischargeable tax claim becoming discharged, even though not provided for by the plan. The *Zimmerman* court might well respond that disallowance for late filing under Rule 3002(a) is not disallowance under section 502, and perhaps that is correct. However, to this Court, the explicit language of section 1328(a) concerning the disallowance of claims under section 502 of the Code is further evidence that, under the framework of the Code, claims may be disallowed *only* for the reasons stated in section 502, which is the conclusion reached by the *Hausladen* court.

Having considered all of the various arguments presented, recognizing the conflicting interpretations which have been rendered, and with respect to the able judges whose views are contrary to *Hausladen,* this Court concludes, for the reasons stated, that the judges of the District of Minnesota are correct. Untimely filing of an unsecured claim is not grounds for the disallowance of the claim. A proof of claim, whenever filed, is "deemed allowed" except as otherwise specified in section 502 of the Code. Therefore, the Trustee's motion to disallow the tardily filed unsecured claim in the *Ware* case before the Court must be denied.

This Court's ruling reaffirming the rule of the *Hausladen* case does not dispose of the underlying, and ultimate, issue presented in these cases. While the parties have pitched the battle lines around the issue of whether untimely filing is grounds for disallowance, the real issue is whether the untimely filed unsecured claim is entitled to participate in distributions from the confirmed Chapter 13 plan. The *Zimmerman* approach is to deny participation to untimely claimants by disallowance of the claim. The *Hausladen* court observes that the problem can be solved by the terms of the plan itself which could subordinate the payment of the untimely filed claims to the payment of timely claims. But

4. One commentator has observed that, similarly, section 1129(a)(7) of the Code "implicitly adopts the priority scheme of section 726 of the Code" into the Chapter 11 confirmation process. Maselli, *When Is It Never Too Late to File a Proof of Claim?* 98 *Comm.L.Jrnl.* 304, 324 (1993).

there is, perhaps, another answer as well, at least in the cases now before the Court.

■ The question here presented is at issue in the case for the debtor *Ware.* In the *Ware* case the plan provided for the payment of the "allowed" claims of the creditors. The plan makes no distinction between "allowed" claims which were timely filed and those which were not. Thus, on the face of the particular plan, the Trustee would be required to make distribution to the creditors who have filed otherwise allowable claims even though their claims were not timely. There is, however, another factor to consider.

When these cases were filed, notice was sent to the creditors consistent in form and content with the Official Form 9, "Notice of Commencement of Case Under Chapter 13 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates." These forms have been promulgated by the Judicial Conference of the United States Courts for use in bankruptcy proceedings. The particular form sets a date as the "Deadline to file a proof of claim." It then contains the following admonition:

> PROOF OF CLAIM. Except as otherwise provided by law, in order to share in any payment from the estate, a creditor must file a proof of claim by the date set forth above in the box labeled "Filing Claims."

The notice was sent to all of the creditors in these cases, and its provisions were an implicit part of the plan confirmation process. The language of the Official Form accomplishes that which the *Zimmerman* court seeks, which is to establish in Chapter 13 cases a mechanism by which all interested parties can determine which allowed claims will be permitted to participate in distributions out of the Chapter 13 plan. Only those unsecured claims which are both "allowed" and "timely" will receive distributions from a confirmed plan.[5]

■ Having reexamined the legal issue as required by the district court's Order of Remand, it remains necessary to review each case and enter judgment in accordance with the order of the district court.

*In re Babbin.* In the *Babbin* case, the secured claim of ITT was expressly provided for in the plan. Subsequently, the debtor filed a proof of claim on behalf of ITT, consistent in amount with that provided for in the plan, but the claim was not filed within the time specified in F.R.B.P. 3002 for the filing of unsecured claims. The trustee filed a motion to disallow the claim on the grounds that it had not been timely filed, and this Court denied the trustee's motion.

■ On appeal, the district court clearly affirmed this Court's ruling that there are no provisions in the Bankruptcy Rules which require a secured creditor to file a proof of claim. Further, the district court held that the Chapter 13 Trustee "is bound to distribute funds to secured creditors in accordance with the confirmed plan." *In re Babbin,* 160 B.R. 848, 849 (D.Colo.1993) *citing* 11 U.S.C. §§ 1326 and 1327. Because a secured creditor is not required, at all, to file a proof of claim, it can hardly be concluded that a proof of claim filed by a secured creditor can be disallowed because it is not timely. In any event, the ultimate issue is whether ITT is entitled to be paid on its secured claim in accordance with the terms of the plan, which it clearly is. Accordingly, in *Babbin,* the Trustee's motion to disallow the late filed secured claim is denied, and the claim of ITT shall be paid in accordance with the plan provisions.

*In re Lindgren.* In the *Lindgren* case, GMAC, a secured creditor which was expressly provided for in the plan, sought to have the plan act as an informal claim, and then to file a proof of claim in a different

---

5. Bearing in mind the Court's earlier analysis of the relationship between sections 1325(a)(4) and 726 of the Code, it might be argued that the language of the notice to creditors, restricting plan distributions to unsecured creditors who have timely filed proofs of claim, itself runs afoul of section 1325(a)(4). That issue might arise in the context of a confirmation hearing, where the holder of an untimely filed claim has objected to confirmation of a plan. But, in the cases now before the Court, the plans have already been confirmed. Thus, the section 1325(a)(4) confirmation issue is not before the Court and the Court must resolve the distribution question in light of the provisions of the confirmed plans and the notice to creditors, the terms of which are implicitly part of those plans. *In re Stuart,* 31 B.R. 18 (Bankr.D.Conn.1983).

amount, which it did. The Court allowed the plan to act as an informal claim, but disallowed the claim filed by GMAC, at least to the extent it differed from the amount specified in the plan as being the secured amount of GMAC's claim. GMAC did not appeal the Court's ruling, but the trustee did. Therefore, the Court's order which denied GMAC's motion to file an amended claim is final as to GMAC and affirmed. The order allowing the plan to act as an informal claim is reversed, but the claim of GMAC shall be paid in the amount and manner specified in the confirmed plan.

*In re Duarte.* *Duarte* is similar to *Babbin,* except that in *Duarte* the secured creditor also sought leave to file a formal proof of claim. The Court denied the creditor's motion to have the plan act as an informal claim based on its holding that the creditor was entitled to be paid in accordance with the terms of the plan. The opinion of the district court implicitly affirms that holding. Accordingly, the prior order disallowing the creditor's motion to treat that plan as an informal claim is denied, and the secured creditor, Bank One Denver, N.A., shall be paid in the manner and amount specified in the plan.

■ *In re Ware.* The *Ware* case presents the issue of the claim of an unsecured creditor which was not timely filed. The trustee filed a motion to disallow the claim solely because it was late filed. The creditor resisted the trustee's motion and also sought to have the late filing excused due to "excusable neglect" on the part of the creditor. This Court, relying on *Hausladen,* denied the trustee's motion and rejected the creditor's argument premised on excusable neglect. The creditor did not appeal that order, and it is final. It is also clearly correct in light of *Jones v. Arross, supra.* The Court affirms its order denying the trustee's motion to disallow the claim as untimely in accordance with the Court's legal conclusions stated herein. However, the creditor's allowed, but untimely filed, unsecured claim is not entitled to share in distributions from the plan.

*In re Miller.* The *Miller* matter concerns the claim of an unsecured creditor, payment of which was specifically provided for in the plan. However, neither the creditor nor the debtor timely filed a proof of claim. The debtor then filed a motion to treat the plan as an informal proof of claim and to allow a formal proof of claim to be filed and allowed. The Court granted this motion. However, the district court reversed the order of this Court which held that the plan could act as an informal claim. In addition, the district court remanded in order for this Court to reexamine the question of whether untimely filing is, itself, grounds for disallowance of an unsecured claim.

The Court set the *Miller* case for reargument on the question of whether a party in interest could now file a claim in *Miller* which could be paid in accordance with the terms of the plan, or whether the claim of the creditor must, in any event, be paid by the trustee in the manner specifically provided for in the plan. At the time of the hearing, counsel for the debtor advised the Court that it is now the debtor's position that the creditor's claim should *not* be paid in any event. Thus, the Debtor's motion is deemed abandoned and no issue remains for determination in the *Miller* case.

Pursuant to the foregoing, judgment shall enter herein as follows:

*In re Babbin,* Case No. 89–B–09367 CEM. The Trustee's motion to disallow the claim of ITT is denied and ITT's secured claim shall be paid as provided for in the plan.

*In re Lindgren,* Case No. 90–B–04639 CEM. The motion of GMAC to have the plan act as an informal proof of claim is denied, the motion of GMAC to file an amended claim which increases the amount of the secured claim of GMAC beyond that specified in the plan is denied, and the secured claim of GMAC shall be paid in the manner and amount specified in the plan.

*In re Duarte,* Case No. 91–18733 CEM. The motion of the creditor to have the plan act as an informal claim is denied, and the creditor's secured claim shall be paid in the manner and amount specified in the plan.

*In re Ware,* Case No. 92–12502 CEM. The motion of the Chapter 13 Trustee to disallow the claim of Ohio is denied, the

creditor's motion to excuse the untimely filing of its unsecured claim is denied, and Ohio Casualty Insurance Company shall not be entitled to any distribution under the plan on account of its allowed, but untimely filed, unsecured claim.

*In re Miller,* Case No. 90–18791 CEM. The debtor's motion to have the plan act as an informal claim for a specified unsecured creditor is deemed withdrawn and abandoned and, therefore, denied.