In re Richard N. NANES, Debtor.

Bankruptcy No. 93–13859 CEM.
MC No. JMC–2.

United States Bankruptcy Court,
D. Colorado.

June 22, 1994.

James M. Croshal, Gradisar, Trechter, Ripperger & Croshal, Pueblo, CO, for debtor.

Ruth A. Buechler, Denver, CO, for Jo Amo, Personal Representative for the Estate of Sharyl Kofman.

## OPINION AND ORDER ON MOTION TO CONFIRM FIRST AMENDED CHAPTER 13 PLAN

CHARLES E. MATHESON, Chief Judge.

THIS MATTER is before the Court on the Debtor's Motion to Confirm First Amended Chapter 13 Plan. At the time the case came on for hearing, this Court rendered its opinion from the bench denying the motion to confirm and giving the Debtor an opportunity to file a second amended plan. This opinion and order will supplement the oral findings heretofore entered by the Court.

The issue of interest which is before the Court concerns the status and effect of a late filed claim in a Chapter 13 case. This Court has heretofore dealt with this issue in its opinion in the case of *In re Babbin,* 164 B.R. 157 (Bankr.D.Colo.1994). The Court there opted, as it had in the past, to follow the lead of the Minnesota bankruptcy court in the *Hausladen* case. *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992). Consistent with the ruling in *Hausladen,* this Court determined in *Babbin* that a proof of claim which is filed after the time specified in Fed.R.B.P. 3002(c) has expired must, nonetheless, be "allowed." This is a view on which there is, most assuredly, no uniformity among the bankruptcy courts in this country.

In reaching its conclusion, the court in *Hausladen* relied in part on the fact that 11 U.S.C. §§ 726(a)(2)(C) and (a)(3) expressly contemplate distributions to creditors who have filed proofs of claim which are not timely filed but are otherwise allowable. In the view of the *Hausladen* court, this section of the Code indicated an intention of Congress that claims which are not timely filed must, nonetheless, be "allowed." This Court has concurred in that view as stated in *Babbin, supra.*

Some courts taking issue with *Hausladen* have dismissed the impact of section 726 concluding that the provisions of Chapter 7 simply do not apply in Chapter 13. *In re Johnson,* 156 B.R. 557, 561 (Bankr.N.D.Ill. 1993); *In re Parr,* 165 B.R. 677, 683 (Bankr. N.D.Ala.1993). This Court, however, in the *Babbin* opinion, has pointed out that section 726 does indeed apply in Chapter 13 because of the confirmation standard imposed by section 1325(a)(4) of the Code. That section requires, as a condition to confirmation, that the court find that the value to be distributed under the plan on account of "each allowed unsecured claim" is not less than what would be paid on the claim in Chapter 7. Thus, at least at the confirmation stage of a case, the impact of section 726 must be considered.

The Court in *Babbin* took note of the fact that all of the cases interpreting *Hausladen* have arisen in the context of a challenge to the allowance of a late filed claim for the purpose of distribution in an already confirmed plan. *Babbin* itself arose in that context and in *Babbin* the Court concluded that, because of the terms of the confirmed plan, the late filed claim of the unsecured creditor must be allowed but could not be permitted to participate in distributions under the plan. This Court noted, however, that if the issue arose in the confirmation context, the result might be different. *In re Babbin, supra,* 164 B.R. 157, 163, fn. 5.

In analyzing the impact of section 726 in the confirmation context, this Court in *Babbin* stated as follows:

> The impact of this section on the problem presently before the Court can best be examined in the context of a confirmation hearing which takes place after the time specified in Rule 3002(c) for the filing of claims has expired, a circumstance which is the practice in some jurisdictions. It is not at all inconceivable to contemplate a situation where the aggregate of all allowed and timely filed claims is less than the amount specified in the plan for distribution to unsecured creditors, and a creditor exists who has filed an untimely, but otherwise allowable, claim. If the estate

were liquidated on the "effective date of the plan," the untimely filed claim would clearly be entitled to receive a distribution from the surplus funds pursuant to section 727(a)(2) or (3). However, under the *In re Zimmerman* [156 B.R. 192 (Bankr. W.D.Mich.1993)] rule, the plan would be confirmed and the tardily filed claim would not participate, a result which appears to this Court to be directly contrary to what is contemplated by section 1325(a)(4). Thus, this Court concludes that section 726, with its distribution scheme, is directly applicable in Chapter 13.

The case now before the Court brings to reality this Court's speculations in *Babbin*. In this case, consistent with the practice in this district, the Debtor filed with his plan an analysis comparing the amount to be distributed under the plan with the amount which would be distributable to his unsecured creditors in a Chapter 7 case. That analysis shows that the total to be distributed to unsecured creditors in this case may be as much as $18,619.00 depending on the amount of the final allowed administrative claims. In a Chapter 7 case the estimated dividend for unsecured creditors would be $2,016.00. Only one creditor has filed a proof of claim in this case in the amount of $150,000.00 and that proof of claim was not timely filed. The claim is contingent, unliquidated and contested. Consistent with *Babbin*, if this Court confirms the Debtor's plan as it is written and proposed, there will be no distribution to the unsecured creditor, even if that claim is ultimately liquidated and otherwise allowable. Thus, the unsecured creditor who has objected to confirmation of the plan would not receive a distribution under the confirmed plan even though the evidence shows that if the debtor's estate was liquidated in Chapter 7, this creditor's untimely filed claim would receive a dividend of at least $2,016.00 provided the claim is otherwise allowable.

Section 1325(a)(4) of the Code is explicit. This Court cannot confirm a plan unless the Court can determine that the value, as of the effective date of the plan, of property to be distributed under the plan on account of each "allowed unsecured claim" is not less than the amount that would be paid on such claim

in Chapter 7. It may be that this creditor will ultimately be unable to establish that she, in fact, has a valid claim to assert in this estate. However, while the Debtor will most assuredly contest the ultimate allowance of this claim, at this stage of the case an objection has not been filed to the proof of claim and it is, therefore, deemed allowed. 11 U.S.C. § 502; Fed.R.B.P. 3001(f). Clearly, in a Chapter 7 case, this creditor's claim, if liquidated and otherwise allowable, would have to be recognized and this creditor would receive a distribution of $2,016.00 by reason of the provisions of 11 U.S.C. § 726(a)(3). Therefore, the existence of this claim, even though it has not been timely filed, must serve to bar confirmation of the plan. It is therefore

ORDERED, that the Motion to Confirm Debtor's First Amended Chapter 13 Plan IS HEREBY DENIED, subject to the right of the Debtor to file a second amended plan consistent with the minute order of this Court entered at the hearing on confirmation held June 7, 1994.