**In re MID–MIAMI DIAGNOSTICS, L.L.P., Debtor.**

**Bankruptcy No. 94 B 45067 (JHG).**

United States Bankruptcy Court, S.D. New York.

April 18, 1996.

Brauner Baron Rosenzweig & Klein by Alan Nisselson, New York City, for Trustee.

---

Haley, Sinagra & Perez, P.A. by James Hurchalla, Miami, FL, for X–Ray Equipment Company.

### DECISION ON TRUSTEE'S MOTION TO DISALLOW CLAIM OF X–RAY EQUIPMENT COMPANY

JEFFRY H. GALLET, Bankruptcy Judge.

### I. INTRODUCTION

Alan Nisselson, the Chapter 7 trustee (the "Trustee") of Mid–Miami Diagnostics, LLP (the "Debtor"), has moved for an order disallowing and expunging the claim of X–Ray Equipment Company ("X–Ray") on the grounds that the claim is tardily filed. X–Ray opposes the motion on the grounds that it never received notice of the deadline by which all claims must be filed ("the Bar Date"). Normally, this type of issue requires a hearing pursuant to 11 U.S.C. § 502(b). However, these parties have agreed to have this motion determined on the papers.

### II. FACTS

On October 28, 1994, the Debtor filed a voluntary petition under Chapter 7. By Notice of Possible Payment of Dividends and Last Date to File Claims, dated December 21, 1994 (the "Bar Date Notice"), the Bankruptcy Court established March 21, 1995 as the Bar Date. It is uncontested that the Bar Date Notice was mailed to X–Ray at its correct address. The validity of the address has not been disputed, nor is there evidence that the mail was returned.

X–Ray has filed an affidavit stating it did not receive the Bar Date Notice until it made a "follow up" telephone call to the Trustee's counsel. On April 18, 1995, counsel to the Trustee forwarded a copy of the Proof of Claim to X–Ray's counsel. One day later X–Ray filed its claim.

### III. LAW

■ At issue is whether a creditor's tardily filed proof of claim should be allowed in a Chapter 7 case. This was a hotly contested issue under the Bankruptcy Code ("Code"), as it existed prior to the 1994 amendments.[1] Some courts held that late-filed claims may be allowed, while others held that they may not.[2] Courts in the Second Circuit more often than not barred late-filed claims.[3]

The split in authority arose as a result of a perceived inconsistency between Bankruptcy Rule 3002, which governs late filed claims in Chapter 7, 12, and 13 cases, and sections 502 and 726 of the Bankruptcy Code, prior to the 1994 amendments.

Rule 3002(a) provides, in relevant part, that an unsecured creditor must file a proof of claim "in accordance with this rule for the claim ... to be allowed." Rule 3002(c) provides that "a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code," with six exceptions, which do not include untimeliness. Under Rule 3002, a claim not filed in accordance with the time limits imposed by subsection

---

1. Bankruptcy Reform Act of 1994, Pub.L. No. 108 Stat. 4106 (codified as amended in sections of 11 U.S.C.).

2. For courts barring late-filed claims, see *In re Davis*, 936 F.2d 771, 773 (4th Cir.1991) ("creditors in Chapter 7 proceeding who do not file proof of claim within 90 days after the creditors' meeting are barred from filing such a claim"); *In re Tomlan*, 907 F.2d 114 (9th Cir.1990) (per curiam) (affirming and adopting the District Court's opinion at 102 B.R. 790, 796 (E.D.Wash. 1989)) (following "the well-settled rule that an untimely claim cannot be allowed."); *In re Duarte*, 146 B.R. 958, 962 (Bankr.W.D.Tex.1992). *Contra In re Hausladen*, 146 B.R. 557 (Bankr. D.Minn.1992) (en banc); *Matter of Osman*, 164 B.R. 709 (Bankr.S.D.Ga.1993); *In re Babbin*, 164 B.R. 157 (Bankr.D.Colo.1994).

3. *In re Bailey*, 151 B.R. 28, 30 (Bankr.N.D.N.Y. 1993) (Courts are without discretion or equitable power to enlarge the period for the filing of proofs of claim even where the refusal to grant such an extension might seem harsh under the circumstances.); *In re Nadine Checho Friel*, 162 B.R. 645, 647 (Bankr.W.D.N.Y.1994) (citing *In re Murphy*, 92–20898 (Bankr.W.D.N.Y.1993); *In re Nohle*, 93 B.R. 13, 15 (Bankr.N.D.N.Y.1988)) (proof of claim filed one day late must be expunged); *cf. In re Vecchio*, 20 F.3d 555 (2d Cir.1994) (Priority claims in chapter 7 proceedings need not be timely filed to be allowed, and that the Bankruptcy Rules cannot stand to the extent that they conflict with the Bankruptcy Code). *See* Fed.R.Bankr.P. 9006(b)(3); *Pioneer Investment Services v. Brunswick Associates Ltd.*, 507 U.S. 380, 389 n. 4, 113 S.Ct. 1489, 1495 n. 4, 123 L.Ed.2d 74 (1993).

(c) of the Rule must be disallowed. However-er, under pre-amendment section 502(b), untimeliness was not a listed ground for disallowance of a claim. Section 726 explicitly allows late-filed claims.

This led some courts, most notably the Bankruptcy Court of the District of Minnesota, sitting en banc, to conclude that an untimely filed claim should be allowed. *In re Hausladen,* 146 B.R. 557, 560 (Bankr. D.Minn.1992).

Congress clarified the law in the Bankruptcy Reform Act of 1994.[4] With an avowed intent to overrule *Hausladen* and its progeny, Congress amended section 502, which enumerates the grounds for disallowance of claims, by adding a new subsection (9). The law, as amended, provides:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (I) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> .   .   .   .   .
>
> (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.[5]

The amendment is applicable to cases filed after October 22, 1994, which includes this case. Thus, according to section 502(b)(9), X–Ray's tardily filed claim must be disallowed, except as permitted under section 726(a)(1), (2), or (3) of the Code.

Section 726(a), which sets the priority for the payment of claims in a Chapter 7 case, expressly provides for the inclusion of tardily filed claims. First in priority, under 726(a)(1), are priority claims as specified in section 507.

Second in priority, under sections 726(a)(2)(A) and (B), are allowed unsecured claims, proof of which are timely filed under sections 501(a), (b) or (c). Section 726(a)(2)(C) expressly includes in the second priority claims tardily filed by unsecured creditors who did not have notice of the bar date or actual knowledge of the case. "The provision is written to permit distribution to creditors that tardily file claims if their tardiness was due to lack of notice or knowledge of the case." H.R.REP. No. 95–595, 95th Cong., 1st Sess. 383 (1977).

Third in priority, under section 726(a)(3), are allowed unsecured claims tardily filed under section 501(a), when the creditor had notice of the bar date or knowledge of the case in time for timely filing. A subordination of the claim to those of other unsecured creditors penalty is applied here because the tardy filing is a result of a failure to act by the creditor in contrast to the situation contemplated in section 726(a)(2)(C) when the tardy filing is not a result of the creditor's failure to act. *See* L. King, 4 COLLIER ON BANKRUPTCY, ¶ 726.02 (15th ed. 1996).

The determinative issue in this case is whether X–Ray had notice of the Bar Date or actual knowledge of the case.

X–Ray claims it filed its proof of claim after the Bar Date because it did not receive the Bar Date Notice. It does not contend that the Bar Date Notice was not sent, only that, if it was sent, it was never received.

The Debtors properly listed X–Ray on its schedule of creditors and on its mailing matrix. The Certificate of Service filed by the clerk of the Bankruptcy Court for the Bar Date Notice lists X–Ray at the address that appears on the Debtor's schedule. There is no dispute that the address is correct.

■ Where mail is properly addressed, stamped and deposited in the postal system, a rebuttable presumption arises that the no-

4. Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106 (codified as amended in sections of 11 U.S.C.).

5. Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 213, 108 Stat. 4106 (1994).

tice was received by the addressee. *Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 418, 76 L.Ed. 861 (1932); *In re Longardner & Associates, Inc.,* 855 F.2d 455, 459 (7th Cir.1988); *In re Randbre Corp.,* 66 B.R. 482, 485 (Bankr.S.D.N.Y.1986); *In re John A. Mmahat,* 1994 WL 160512 *1, *5 (E.D.La. 1994); *In re Nutri\*Bevco, Inc.,* 117 B.R. 771, 781 (Bankr.S.D.N.Y.1990) (due process does not require receipt of mail).

 The evidence here is sufficient to create a rebuttable presumption that X–Ray received notice of the Bar Date. A creditor's denial of receipt, standing alone, does not rebut the presumption that the mail was received, but merely creates a question of fact. *Greyhound Lines, Inc. v. Rogers,* 62 F.3d 730, 735 (5th Cir.1995). There is not sufficient evidence in the record before me to rebut that presumption.

In addition to the presumption of notice of the Bar Date, it is undisputed that X–Ray had actual knowledge of the Debtor's bankruptcy. Since X–Ray had knowledge of Debtor's bankruptcy and has failed to rebut the presumption that it had notice of the Bar Date, its claim does not fall within the ambit of section 726(a)(2)(C). Rather, it is governed by section 726(a)(3), which provides that a tardily filing creditor, who did receive notice or have actual knowledge of the case, is subordinated one level below that of the timely filing, unsecured creditors.

## IV. CONCLUSION

Since X–Ray had both notice of the Bar Date and actual knowledge of the case in time to timely file a proof of claim, but tardily filed it, the claim cannot be allowed as a second priority claim under section 726(a)(2)(C). However, the claim need not be disallowed. Instead, X–Ray's claim must be allowed, but subordinated to the claims of the other unsecured creditors. 11 U.S.C. 726(a)(3).

Accordingly, the Trustee's motion is granted to the limited extent of subordinating X–Ray's claim to those of the unsecured credi-

tors who filed timely claims and otherwise denied.

Settle order.