SUMMARY ORDER

Debtor-appellant Patricia Cash appeals from a judgment of the United States District Court for the Eastern District of New York (Spatt, J.), dated March 24, 2008, which affirmed a ruling of the United States Bankruptcy Court for the Eastern District of New York (Rosenthal, J.), issued March 20, 2007, denying Cash’s motion to (i) add four creditors to the matrix of creditors and Schedule F list of creditors holding unsecured nonpriority claims, and (ii) vacate and expunge these creditors’ judicial liens. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Cash first argues that her motion to amend the matrix of creditors and Schedule F should have been permitted because she had the automatic right to modify her matrix and schedules prior to the closing of the Chapter 7 bankruptcy. See Fed. R. Bankr. P. 1009(a) (“A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed.”). But this Court has held that a debtor’s opportunity to amend cannot be exercised in all circumstances without regard to prejudicial reliance. See In re Momentum Mfg. Corp., 25 F.3d 1132, 1135, 1136-37 (2d Cir.1994). By the time that Cash made her motion to amend in December 2006, the Trustee had relied upon the erroneous list of creditors to reach a settlement of $7,500 in the adversary proceeding against Cash’s husband and daughter. This settlement, which the bankruptcy court had approved, allowed for full payment to the two unsecured creditors that had filed proofs of claim and for the administrative and professional fees associated with the bankruptcy proceeding. The additional creditors that Cash sought to allow to file proofs of claim had more than $7,500 in judgments, and their addition would have threatened the full recovery to the creditors that had already filed proofs of claim. Because the Trustee indicated that, had he known the full extent of the creditors, he would have sought a larger settlement, the district court did not err in affirming the bankruptcy court’s denial of the motion to amend. Id. at 1136 (affirming denial of motion to amend schedules where group affected by amendment “(1) lacked knowledge of the true facts, (2) reasonably relied on the Debtor’s misleading conduct, and (3) suffered prejudice as a result of their reliance”).
Cash next argues that, regardless of whether she should have been allowed to add the four creditors to the matrix and Schedule F, these debts should nonetheless have been discharged because the creditors had notice of the bankruptcy proceeding. We conclude that Cash’s argument is unconvincing with respect to two of the four creditors but that further fact-finding by the bankruptcy court is necessary in order to evaluate Cash’s argument with respect to the other two creditors. The bankruptcy court granted a discharge to Cash under 11 U.S.C. § 727, which is effective even for unlisted or unscheduled creditors if these creditors “had notice or actual knowledge of the case in time for ... timely filing” of a proof of claim. 11 U.S.C. § 523(a)(3)(A). It is undisputed that two of the four creditors— European American Bank, N.A. (“EAB”) and Universal Bank, N.A. (“Universal”)— were not listed on the matrix of creditors and never received mailed notices of Cash’s bankruptcy until after the deadline for filing proofs of claim had expired. But *6 the record indicates that the two other creditors — Chase Manhattan Bank, U.S.A., N.A. (“Chase”) and Erin Services Co., L.L.C. (“Erin”) — were listed on the creditor matrix and may have additionally received 90-days notice of the deadline for filing proofs of claim. Nonetheless, the district court did not find the matrix to be convincing evidence of notice because, although “it is the practice of the Clerk of the Bankruptcy Court to mail notices to all creditors listed on the matrix, the Debtor has failed to submit the Clerk’s affidavit of service or any other evidence to establish that the mailing was accomplished in this case.” In re Cash, No. 07-1722, 2008 WL 795309, at *5 (E.D.N.Y. Mar. 24, 2008). But the district court failed to consider the notice of the deadline for filing proofs of claim, which did contain a certificate of service. Furthermore, it appears from the transcript of the hearing before the bankruptcy court that there was no consideration by that court of either the matrix or the notice of the deadline for filing proofs of claim and the accompanying certificate of service. Accordingly, the bankruptcy court’s factual conclusion that Chase and Erin failed to receive notice was clearly erroneous because “the court failed to weigh all of the relevant evidence before making its factual findings.” Doe v. Menefee, 391 F.3d 147, 164 (2d Cir.2004).[1]
The district court alternatively reasoned that
even if the Debtor could show that Chase and Erin had actual notice of the bankruptcy case and failed to file timely proofs of claim, the Court is not convinced that their unscheduled debts should be discharged. Often, where a creditor fails to file a timely proof of claim, their debt is not discharged but instead subordinated to timely claims of unsecured creditors. In re Mid-Miami Diagnostics, L.L.P., 195 B.R. 20, 22 (Bankr.S.D.N.Y.1996) (“[A] tardily filing creditor, who did receive notice or have actual knowledge of the case, is subordinated one level below that of the timely filing, unsecured creditors”).
In re Cash, 2008 WL 795309, at *5. But as the district court’s citation indicates, the creditor in Mid-Miami filed an untimely proof of claim; in this case, Chase and Erin filed no proofs of claim. The district court failed to cite support for the notion that, where a party files no proof of claim despite valid notice, its debt should be subordinated to timely claims of unsecured creditors rather than discharged.
For the foregoing reasons, we affirm the judgment of the district court with respect to the denial of the motion to (1) add four creditors to the matrix and Schedule F, and (2) vacate and expunge EAB and Universal’s judicial liens. But we vacate and remand to the bankruptcy court for further proceedings consistent with this opinion with respect to the motion to vacate and expunge Chase’s and Erin’s judicial liens.

. Although it is unclear whether the addresses on the certificate of service are accurate, this issue can be explored on remand. We note that the record indicates that the address used for Erin matches the address listed in the default judgment obtained by Erin against Cash.